VASTBINDER vs. SPINKS, Sheriff, and Securities.

1. It is a good defence to a rule against the sheriff, for not returning an execution to the court from which it issued within the time prescribed by law, that it was delivered to the plaintiff, and that he undertook to return it.

2. The Sheriff, on a trial of a rule against himself and securities for failing to return an execution, is incompetent to testify against the plaintiff.

Error to the Circuit Court of Clarke. Tried before the Hon. John Bragg.

Rule by plaintiff against defendants in error, for the failure of Spinks to return an execution, &c. The excuse relied on in defence was that the sheriff had delivered the execution to the plaintiff, who promised to return it. In the course of the trial, the sheriff himself was permitted by the Court, against the plaintiff's objection, to testify in his own behalf. The remaining facts, upon which the decision rests, are to be found in the opinion of the court.

Jewett, for plaintiff:

1. The sheriff's liability will not be discharged by showing that the plaintiff acted as the agent of the sheriff in making the return, unless it be shewn that the former acted negligently, or in fraud of his trust, or that he expressly waived his right to proceed against the sheriff.

2. The admission of Spinks' evidence was clearly an error, he being the party sought to be charged and directly interested. Roberts et al. v. Henry, 2 Stew. 42; 3 Port. 385; 7 Ala. 786.

Vastbinder v. Spinks.

BLOUNT, contra.

DARGAN, J.—This was a rule against Spinks, as sheriff, and his securities, for failing to return an execution to the office of the Clerk of the Circuit Court of Clarke, from which it issued, three days before the commencement of the term to which it was returnable. An issue was made up, and the cause submitted to a jury. It appeared that the sheriff had delivered the execution to the plaintiff himself, who undertook to return it, but failed to do so within the time prescribed by law. The court charged the jury, that if the plaintiff undertook, as the agent of the sheriff, to return the execution within the time prescribed by law, and failed to do so, the sheriff was not liable.

1. A sheriff who receives executions from different counties must necessarily return them to the court from which they issued, either by an agent or by mail, as it would be impracticable for him to go himself to every county to deliver them to the different clerks. If the plaintiff himself undertakes to perform this duty for the sheriff, and fails to return the writ within the time prescribed by law, the failure is the result of his own neglect, for which the sheriff is not responsible. In the case of McClure v. Colclough, 5 Ala. 65, it is said, that if the plaintiff or his attorney induce the sheriff to delay the return of the execution, neither the sheriff nor his securities are liable for a failure to return, because the plaintiff has the right to control his own process. If the sheriff is entitled to be excused for failing to return at the request of the plaintiff, surely he should not be held responsible, when the failure results from the neglect of the plaintiff, and without any negligence or default on the part of the sheriff.

2. But we think the court erred in permitting the sheriff to testify on the trial to the facts on which he relied as an excuse for failing to return the execution. He was not only directly interested, but was a party to the suit. It is true, that a failure to return an execution, within the time prescribed by law, admits of a reasonable excuse, and it is competent for the sheriff to show that he ought not to be charged with the penalty prescribed by the statute, notwithstanding the failure to return within the prescribed time. Roberts & Battle v. Henry, 2

Stew. 42. But in a suit or proceeding against the sheriff to recover this penalty, he must establish this excuse as he would any other defence, that is, by competent and disinterested testimony.

The judgment must be reversed, and the cause remanded.