# Spenney v. Sorrell.

## Action for Penalty.

(Decided February 4, 1915.   Rehearing denied April 6, 1915.
68 South. 547.)

1. *Sheriff and Constable; Penalties; Pleading.*—Where a sheriff is proceeded against for the penalty prescribed by section 5904 and 5905, Code 1907, he may state facts on which he relied for a defense, by way of a plea.

2. *Pleading; Waiver; Objections.*—Although a plea may be immaterial or defective, yet if issue is joined thereon without challenging its sufficiency, the defendant is entitled to judgment, if the averments of such plea be established.

3. *Appeal and Error; Review; Finding of Fact.*—Findings by the court on conflicting evidence, such as that a sheriff's failure to return an execution was not induced by attorneys for plaintiff, will not be disturbed on appeal.

4. *Same; Objections Below; Necessity.*—Objections to affidavits, as stating matters of information, or conclusion, rather than facts within the first-hand knowledge of affiant, are not available for the first time on appeal; especially when it can be fairly construed as stating affiant's knowledge as to the matters set out, as based on competent evidence.

APPEAL from Autauga Circuit Court.

Heard before Hon. W. W. PEARSON.

Proceedings by J. M. Sorrell against V. A. Spenney, sheriff for the penalty for failure to make return of an execution.   Judgment for plaintiff and the defendant appeals.   Reversed and remanded.

EUGENE BALLARD and J. M. TUCKER, for appellant. Acceptance of payment by a plaintiff is a discharge of the sheriff for a breach of duty growing out of an execution in favor of the plaintiff.—*Governor v. Powell,* 10 Ala. 544.   An officer may excuse a breach of duty by matter set up by way of plea.—*Davidson v. Wiley,* 31 Ala. 452; *Andress v. Crawford,* 11 Ala. 853; *Vastbinder v. Spinks,* 16 Ala. 385.

[Spenney v. Sorrell.]

W. A. GUNTER, for appellee. The fact that an execution plaintiff has suffered no injury through the failure of the sheriff to return an execution does not bar a motion against the sheriff and his bondsmen for the statutory penalty for a default.—35 Cyc. 1948 and cases cited. The statute imposes a penalty and the payment of it does not make the sheriff a creditor of the judgment debtor.—*Hill v. President,* 5 Port. 537; *McWhorter v. Marrs,* 1 Stew. 63. A settlement is an ambiguous thing and may or may not affect a suit.—*Rives, et al. v. Walker,* 34 Ala. 329. The allegations of the plea are not an averment of the facts said to have been "ascertained."—*Christain v. A. S. M. Co.,* 92 Ala. 131; *Jones v. Lathen,* 70 Ala. 167; *Charles v. Dubose,* 29 Ala. 367.

PELHAM, P. J.—The proceeding in the circuit court was at the instance of the appellee, as the plaintiff in execution, against the sheriff of Autauga county, under the provisions of sections 5904 and 5905 of the Code of 1907, to recover 20 per cent. on the judgment for not returning an execution. On the hearing of the motion for a summary judgment against the sheriff, it was shown without conflict in the evidence that the sheriff had not returned the execution in the time required by law, and a prima facie right to recover against the sheriff was made out by the evidence introduced. The special defenses relied upon by the sheriff, as set up in separate pleas, in substance and effect, were: First, that he had been induced by the attorneys of the plaintiff not to return the execution; and, second, that the plaintiff had suffered no injury in consequence of the failure of the sheriff to return the execution, for that the plaintiff, "since the alleged failure to return said execution, had accepted a settlement of the judgment for which the said execution was issued." Evidence in the nature of

affidavits was offered by both parties upon the contested issues of fact, and, no jury having been demanded (Code, § 5902), the court found the issues so presented in favor of the plaintiff, and accordingly entered judgment against the sheriff.

Conceding that the authorities cited by appellant (*Davidson v. Wiley, et al.,* 31 Ala. 452; *Andress v. Crawford,* 11 Ala. 853; *Vastbinder v. Spinks,* 16 Ala. 385; *Gary v. Boykin,* 7 Ala. 154; and *McClure v. Collough,* 5 Ala. 65) are holdings to the effect applied to the instant case, that a sheriff may be excused from liability under the provisions of section 5905 of the Code for failure to comply with the requirements of the law as to returning an execution, through being induced thereto by the advice or direction of the plaintiff's attorney, yet the appellant would nevertheless not be entitled to a reversal of the judgment of the lower court on that account; for the question of the plaintiff's attorneys having in any manner induced the sheriff to delay making a return was positively denied by each of them, and in support of this denial sworn statements were filed in the form of affidavits setting out the facts relied upon. On these affidavits and those setting up a contradictory state of facts, filed by the appellant, the issue was made up. It was then, as to the excuse for failing to make return as required by law because of any inducement or direction of plaintiff's attorneys, simply a question of fact as to which the evidence was in conflict, and which was found by the court against the appellant's contention. The evidence set out in the transcript applicable to this issue, and upon which the court made its finding, shows no such weight against that finding, as to that issue, under the well-known rule applicable to reviewing the conclusions of trial courts on findings of fact as would justify this court in disturbing it.—*Winter-Loeb*

*Grocery Co. v. Mutual Warehouse Co.,* 4 Ala. App. 431, and authorities cited on pages 436 and 437, 58 South. 807.

What we have said disposes of the special defense that we have designated as the first of the defenses relied upon by the appellant, as the defendant, to the appellee's motion for summary judgment in the court below.

In cases or proceedings of this character, it is entirely regular for the defendant to state, by way of plea, the facts on which he relies for his defense.—*Harris, et al. v. Bradford,* 4 Ala. 214, 220. In this case the record shows that by a special plea as an answer to the motion made against him the defendant filed a plea setting up as a matter of defense that the plaintiff, since the alleged failure of the defendant to return the said execution, had accepted a settlement of the judgment for which the execution was issued. Plea No. 3, page 2 of transcript. As the sufficiency of this plea was not tested by demurrer or otherwise, we are not called upon to pass on that question. It would not be out of place, though, to call attention to the fact that in passing on similar propositions involving the same principle as applied to kindred statutes the Supreme Court has uniformly upheld such a defense as good on the well-known theory that there cannot be a double recovery or double satisfaction of the recovery. And it has been held in *Governor, for use, etc. v. Powell, et al.,* 10 Ala. 544, that the acceptance of payment of the debt by the plaintiff in execution *after* the breach of duty by the sheriff in failing to make the money on a fi. fa. is a discharge to the sheriff from liability on his bond. But, however that may be, the plea tendered an issue upon which there was, without challenge of its sufficiency in any form, a joinder. Then, if its averments were established without conflict in the evidence, the defendant was entitled to a judgment; and

this is true even if it should be conceded that the issue was taken on an immaterial or defective plea.—*L. & N. R. R. Co. v. Mason,* 4 Ala. App. 353, 58 South. 963; *Sloss-Sheffield S. & I. Co. v. Vinzant,* 153 Ala. 212, 44 South. 1015.

In support of the issue tendered by this plea, a supplementary or additional affidavit, made by the defendant, was filed and introduced on the hearing without objection, containing, among matters therein set forth, a sworn statement of facts as within the knowledge of the affiant that fully establishes the allegations of the plea upon which issue was taken. The record shows no direct or circumstantial evidence to the contrary. It is possible that the language used in the affidavit might be subject to some criticism as stating matters of information, or conclusions, rather than facts within the first-hand knowledge of the affiant, but no objection was made to the affidavit on this or any other ground in the trial court, and such objections to its sufficiency are not available when made here for the first time, when, giving to the language used its proper scope and meaning, it can fairly be construed as stating the knowledge of affiant with respect to the matters it sets out as based on competent evidence. For instance, the word "ascertained," as therein used, could have reference to an ascertainment as an admission of the fact made to the appellant by the appellee. The affidavit without objection made to it was sufficient to sustain the plea, and judgment was therefore erroneously entered for the plaintiff in the court below, and should have been for the defendant.—Authorities supra.

Reversed and remanded.