65 So.2d 221

### McNEEL MARBLE CO. v. ROBINETTE.
### 6 Div. 459.

Supreme Court of Alabama.
March 26, 1953.

Rehearing Denied May 28, 1953.

Peyton D. Bibb, Wm. M. Acker, Jr. and Graham, Bibb, Wingo & Foster, all of Birmingham, for appellant.

Jas. W. Aird and Victor H. Smith, Birmingham, for appellee.

PER CURIAM.

This is an appeal from two separate decrees of the circuit court, in equity. One of them sustained the demurrer to a bill in equity and dismissed the bill. That is a final decree which will support an appeal, on which there may be assignments of error reaching previous interlocutory decrees. Anderson v. Byrd, 251 Ala. 257, 37 So.2d 115. The other decree appealed

from is one in which the court, upon notice and hearing, refused to grant a temporary injunction. Such appeal is authorized by section 1057, Title 7, Code.

So that, our first consideration must be with the equity of the bill. The decree denying the temporary injunction was based squarely on the invalidity of paragraph nine of the contract between the parties, dated May 20, 1951. This was by reason of an application of sections 22 and 23, Title 9, Code. There was no reason assigned for sustaining the demurrer to the bill and dismissing it. Paragraph nine of the contract is as follows:

"Competition after termination of agreement—The undersigned manager hereby agrees that in the event his connection with the company is severed for cause or any reason whatsoever he will not engage in the manufacture or sale of monuments or mausoleums or in any business in competition with the company, directly or indirectly or as principal, agent or employee in the territory assigned to him by this agreement or any amendments thereto, for a period of five years from the date of the termination of this agreement."

The territory assigned to defendant, as shown by other provisions of the contract, embraced forty-seven specified counties in Alabama, including Jefferson, and five specified counties in Georgia.

The bill sought an injunction restraining defendant from violation of the obligations of said paragraph nine, supra, in Jefferson County, Alabama, and for general relief. The bill showed that defendant was employed by plaintiff as an agent, servant or employee, and sought to obtain the benefits of section 23, Title 9, Code, which permits a contract between an employer and his agent, servant, or employee, to agree for the employee "to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof, so long as the * * * employer carries on a like business therein."

The particular contention here made is that the employer undertook to bind the employee in forty-seven counties in Alabama and five in Georgia, though the injunction only sought to apply to one county in Alabama (Jefferson), and none in Georgia, whereas it is claimed that section 23, supra, permits such a contract to apply to only one county, or one city, "or part thereof," and that the court cannot split up a contract so as to take out of it all but one county, at the request of the employer named in it,— the employee not agreeing. We will dispose of that contention first.

That question was considered in our case of Yost v. Patrick, 245 Ala. 275, 276, 17 So.2d 240. Justice Bouldin expressed his personal opinion that section 23, supra, limited the territory to one county, and that an injunction, if granted, should be so limited though the contract properly covers territory in more than one county. The other members of the Court reserved their opinion as to that theory, but agreed to the result on a different contention made in the case. That opinion refers to California and Oklahoma as having similar statutes using the same words as to territory except that they do not apply to employer and employee. Neither did ours when it first became a law by including it in the Code of 1923, section 6827. We may also add that North and South Dakota have similar statutes. North Dakota Revised Code, 1943, section 9–0806; South Dakota Code, 1939, section 10.0706, Title 7. We do not find where any of those states construed the feature here in question. Certain contracts were held void because so declared by them and not validated as to the employees. Some of those cases show that the territory exceeded one county, yet no mention was made of it. We cite the cases: Davis v. Jointless Fire Brick Co., 9 Cir., 300 F. 1; Miller Laboratories v. Griffin, 200 Okl. 398, 194 P.2d 877, 3 A.L.R.2d 519 (see annotation at page 522); Olson v. Swendiman, 62 N.D. 649, 244 N.W. 870; Prescott v. Bidwell, 18 S.D. 64, 90 N.W. 93.

The statute was also considered in Shelton v. Shelton, 238 Ala. 489, 192 So. 55, but not directly on the point here involved. But the opinion seemed to approve a statement made in J. L. Davis, Inc. v. Christopher, 219 Ala. 346, 122 So. 406, that sections

22 and 23, supra, put in statutory form existing law.

In the case of Slay v. Hess, 252 Ala. 455, 41 So.2d 582, this Court upheld a temporary injunction against the violation of such a contract within a radius of one hundred miles of Sheffield, Alabama. Such a radius must have embraced a part of at least three counties: but that question was not discussed.

In Loftin v. Parker, 253 Ala. 98, 42 So.2d 824, 826, this Court upheld a temporary injunction against the violation of such a contract "within the territory included in a 3½ mile radius from the location known as Loftin's Ready to Wear business or store", in Auburn, Alabama. That territory is probably all in Lee County, but no notice was taken of that fact.

It is insisted that when section 23, supra, refers to "a specified county" it means only one specified county, though the trade territory intended to be protected may embrace parts of several counties. Section 1, Title 1, Code, is also specific that, as used in the Code, the singular includes the plural. So that, it is not contrary to the terms of section 23, supra, if we say "county" in it means "counties". When the locality and time are specified in the contract, that means such part of that locality and time as appears to be a reasonable limitation upon a consideration of the facts and circumstances which are influential in that respect. The territory so limited cannot extend beyond the specified area, but the facts may draw in the boundaries from those expressed in the contract. The bill should allege such facts and circumstances as exist to establish the claim, and they must be sufficient to that end. J. L. Davis, Inc. v. Christopher, supra. The trade territory may confine the issue to Jefferson County if the facts support that view.

Without undertaking to analyze such facts, we wish to refer to another question raised by appellee to support the ruling of the trial court denying the temporary injunction, sustaining the demurrer and dismissing the bill. That is, that May 20, 1951, the date of the last named contract between the parties, was Sunday. It is therefore claimed that it was and is void

and will not support the equity of the bill or justify a temporary injunction.

The bill as amended alleges that the contract, in duplicate, bearing that date was executed by complainant on or prior to May 15, 1952 (intended to allege 1951), and on May 15, 1951 was mailed to respondent at Birmingham, with the request that he sign both of them and return the original to complainant (complainant's office was in Marietta, Georgia); that complainant's records show that the original of such contract signed by respondent was received at complainant's office in Marietta, Georgia, on May 21, 1951. It is also alleged that respondent had been under contract with complainant by written agreements dated, respectively, May 21, 1948, June 17, 1949, September 20, 1950, December 21, 1950, as well as that of May 20, 1951. That each of them contain substantially the same feature set out hereinabove as paragraph nine of it; that respondent ceased to represent complainant under an agency contract on December 12, 1951, effective December 20, 1951.

There is no allegation made in the bill that May 20, 1951 was Sunday, nor properly alleging the day when the contract was received by complainant in Marietta. It is not good pleading to allege that his records show a certain fact or circumstance. Neither does complainant's affidavit distinctly show when complainant received from respondent the executed duplicate. The affidavit of respondent is that he executed it in the office of complainant in Marietta, Georgia, on the day it bears date, Sunday, May 20, 1951.

Section 21, Title 9, Code, denounces as void all contracts made on Sunday, except those specified—not here involved. Of course, the day of the delivery of the signed contract is the controlling circumstance. Anderson v. Bellinger, 87 Ala. 334, 6 So. 82, 4 L.R.A. 680; Herren v. Beck, 231 Ala. 328, 164 So. 904. The bill does not allege, nor does any aspect of the proof show, that the contract was delivered on any other day than its date indicates, Sunday. Under our law such a contract is void and cannot be ratified. Shippey v. Eastwood, 9 Ala. 198; Butler

v. Lee, 11 Ala. 885; Mosely v. Selma National Bank, 3 Ala.App. 614, 57 So. 91. The authorities elsewhere are not in accord on that principle. See 68 A.L.R. 1487 et seq.

It therefore appears that the ground of demurrer which points out the fact that the bill shows the contract sought to be enforced was executed on Sunday, May 20, 1951, is well taken. The demurrer was properly sustained for that reason.

But the decree of the court shows that the temporary injunction was denied because the court was of the opinion that paragraph nine of the contract sued on (exhibit A to the bill), which is the contract dated May 20, 1951, was in restraint of trade and void under the provisions of sections 22 and 23 of Title 9, Code. So that, probably that was the basis on which the decree sustaining the demurrer and dismissing the bill was rendered rather than that it was a Sunday contract. The court evidently thought that no amendment could be made which would sustain paragraph nine of the contract and, therefore, it would be useless to retain the bill.

■ Without here rehearsing the facts set up in the bill, it is our opinion that they are sufficient to justify an injunction applicable to Jefferson County, in an exercise by the court of a sound judicial discretion, if complainant has a valid contract of the sort there set up.

■ Assuming that the contract of May 20, 1951 cannot support the injunction because it was made on Sunday, and remembering that on an application for a temporary injunction the presumptions are against the complainant, Dean v. Coosa County Lumber Co., 232 Ala. 177, 167 So. 566, it may be, but we cannot presume, that the contract of December 21, 1950, or of September 20, 1950, or of June 17, 1949, or of May 21, 1948, was not void, and had not expired by lapse of time under its terms, and that no other valid contract was substituted for it. While the bill refers to those contracts as containing a clause, such as is set out in paragraph nine, supra, there is no allegation as to its terms in other respects, or a showing that it would have been in effect but for the contract of May 20, 1951, when the relation between the parties terminated on December 20, 1951. Therefore, the bill does not show that, with the latter contract out of the way, the former would have been in effect at that time.

We think the complainant should have been given an opportunity to amend his bill if he saw proper to do so. That right will be here extended.

The foregoing opinion was prepared by Foster, Supernumerary Judge of this Court while serving on it at the request of the Chief Justice, under authority of Title 13, section 32, Code, and it was adopted by the Court as its opinion.

The order denying the temporary injunction on the basis of the bill as it now appears is affirmed. The decree sustaining the demurrer to the bill is affirmed to that extent, but reversed in so far as it dismisses the bill, and rendered so as to allow complainant thirty days in which to amend the bill if he so desires.

Affirmed in part, and in part reversed and rendered and remanded.

LAWSON, STAKELY, GOODWYN and MERRILL, JJ., concur.