75 So.2d 112

### S. T. RUSH

v.

### NEWSOM EXTERMINATORS, Inc.

### 6 Div. 688.

Supreme Court of Alabama.

June 24, 1954.

Rehearing Denied Oct. 28, 1954.

612

Bryan Chancey and Chas. B. Aycock, Birmingham, for appellant.

Earl McBee, Winston B. McCall, Birmingham, and McKenzie, Kaler & Shulman, Atlanta, Ga., for appellee.

PER CURIAM.

In this case a bill in equity was filed by Newson Exterminators, Inc., doing business as Arrow-Newson Exterminators, against S. T. Rush and others. The respondents objected to the allowance of the last amendment to the bill of complaint, made a motion to strike the amendment and also made a motion to strike the bill as last amended. The objections to the allowance of the last amendment to the bill of complaint and

the motions, to which we have referred, were separately and severally overruled by decree of the lower court dated December 16, 1953. By separate decree, also dated December 16, 1953, the court overruled the demurrer to the amended bill of complaint as a whole and to each and every aspect thereof separately and severally.

Subsequently, in December 1953, an appeal was taken to this Court from the decree dated December 16, 1953. There is nothing to indicate from which of the aforesaid decrees the appeal was taken.

The first assignment of error is based on the action of the court "in decreeing on the 16th day of December, 1953, that the appellants' objection to the allowance of the last amendment to the bill of complaint, the appellants' motion to strike said amendment, and the appellants' motion to strike the bill as last amended be overruled, and in overruling said motions". The second, third and fourth assignments of error are based on the ruling of the court in overruling the demurrer and in overruling the demurrer to certain aspects of the bill of complaint.

■■■ It is obvious that the first decree dated December 16, 1953 is not an appealable decree. It is equally obvious that the decree of the court overruling the demurrer to the bill as to certain aspects of the bill is an appealable decree. Section 755, Title 7, Code.

■■■ It is insisted by the appellee that since there were two decrees on the same date, the appeal is not sufficiently perfected to confer jurisdiction on this Court because neither this Court nor the appellee can be advised from which decree the appeal is taken.

We are not willing to dismiss the appeal on this theory. We consider that the irregularity could have been corrected on motion made before the submission, but no such motion was made, and the cause was submitted on brief without objection. We will consider the appeal as having been taken from the decree which will support an appeal. Wynn v. Tallapoosa County

Bank, 168 Ala. 469, 53 So. 228; Kelly v. Deegan, 111 Ala. 152, 156, 20 So. 378.

■■■ The jurisdiction of this Court also has been attacked on another theory. It is insisted that section 804, Title 7, Code applies and was not observed. It is true that if that statute does apply and was not observed, it would be necessary to dismiss the appeal ex mero motu. Sherrod v. Mc-Gruder, 209 Ala. 260, 96 So. 78; McKinstry v. Thomas, 258 Ala. 690, 64 So.2d 808.

The record in this case shows that a demurrer was filed to the bill of complaint by S. T. Rush and other respondents, and that the court entered an order overruling the demurrer. S. T. Rush and the National Surety Corporation acknowledged themselves as security for all costs of appeal to the Supreme Court. This security for costs was taken and approved by the register on December 30, 1953. On January 25, 1954 the register issued to the appellee or its solicitor of record a citation of appeal, reciting that the respondents herein have taken an appeal. The certificate of the register shows that the appeal was taken by the respondent S. T. Rush. However, the certificate of appeal, which was filed by the register in this Court on January 29, 1954, shows that the appeal was taken by the respondents. Assignments of error here have been made by the appellants (respondents) without naming them.

There may be some conflict in the record as to whether the appeal was taken by S. T. Rush or by all of the respondents in the lower court. In this connection the fact that the security for costs was signed only by S. T. Rush is not controlling. All that is necessary is that security for costs be given satisfactory to the register. McKinstry v. Thomas, supra.

Upon a consideration of the discrepancies mentioned above, we shall consider that the appeal has been taken by all the respondents to the bill in the trial court, and therefore section 804, Title 7, supra, has no application.

■■■ As we have said the first assignment of error is based on the action of the

court in overruling appellants' objection to the allowance of an amendment to the bill and a motion to strike it. That ruling was made in a decree separate from that from which the appeal was taken. A decree overruling such an objection and motion to strike is not appealable. We have held that an appeal from an interlocutory decree authorized by statute will not support the assignment of a decree not subject to appeal at that time. That includes in the prohibition a decree which is not subject to appeal at any time. Comer v. Limbaugh, 256 Ala. 655(16), 57 So.2d 72. We cannot therefore consider the first assignment of error.

The bill seeks to obtain the benefit of section 23, Title 9, Code, as set up in both aspects of that statute. One of the respondents, Newsom, is alleged to have sold the good will of his business to complainant who also made a contract of employment with Newsom. In both contracts there was an agreement with Newsom to refrain from carrying on or engaging in a similar business or from soliciting old customers of complainant within the State of Alabama for a period of two years from the time when he should cease to be employed by complainant.

As to the other persons named as respondents they are alleged to have been employed by Newsom before and at the time he sold the business to complainant, with an agreement between them "and for the benefit of any successor in ownership of said business," restricting said employees from carrying on or engaging in a similar business or from soliciting old customers of such employer within the State for a period of two years from the time they ceased to be employed. The bill alleges that complainant employed them along with his purchase from Newsom and took an assignment of those employee contracts. It then alleges a conspiracy between them all, including Newsom, to let another former employee of Newsom, who was his confidential secretary (Miss Jackson) and who was also employed by complainant, set up a competing business in Jefferson County under the name of Birmingham Pest Control Company, with all the stock in her name except qualifying shares. That all

the respondents went to work for said company in competition with complainant, and this was shown to be within two years or shortly after they left the employment of complainant.

The allegation is made that the employees were engaged by complainant under their alleged contract with Newsom, and as his successor in said business. But in furtherance of their conspiracy they are falsely taking the position that Newsom released them from their contract with him before they were employed by complainant. As to Newsom there is alleged a definite express contract in writing within the terms of section 23, Title 9, Code.

The question is whether the bill sufficiently meets the requirements of section 23, supra. It would hardly be contended that the period of two years was unreasonable as to time. The area specified is "Jefferson County or any other county in the State of Alabama". The statute (section 23) specifies the area for such contract to be a "county, city, or a part thereof".

In McNeel Marble Co. v. Robinette, 259 Ala. 66, 65 So.2d 221, we undertook to interpret and apply the meaning of those terms. We found it to mean that when a large territory is specified in a contract it means such part of it as is shown to be a reasonable area considering the facts and circumstances which are material to that inquiry. It cannot extend beyond what is specified, but the area should be drawn to apply only to a reasonable portion of the territory.

The bill should allege the facts and circumstances which are material to establish an area not exceeding the limits defined in it as is proper and reasonable for that purpose, and seek to make the contract effective in that area only.

The bill in this case does not undertake to show that the certain counties named in it are a reasonable area to meet the requirements of the statute. The injunction sought is as to certain counties of the State including Jefferson. It is insufficient in that

respect. But appellants do not argue on this appeal that the bill is defective in that respect. Compare, Loftin v. Parker, 253 Ala. 98, 42 So.2d 824; Slay v. Hess, 252 Ala 455, 41 So.2d 582; Shelton v. Shelton, 238 Ala. 489, 192 So. 55; Davis, Inc., v. Christopher, 219 Ala. 346, 122 So. 406. The views expressed by the writer of the opinion in Yost v. Patrick, 245 Ala. 275, 17 So. 2d 240, in respect to the territorial limits prescribed in section 23, supra, were not concurred in by the Court.

In the case of Slay v. Hess, 252 Ala. 455, 41 So.2d 582, the Court was dealing with a contract of employment in the same sort of business as that here involved, with a covenant that for a period of five years, beginning August 1, 1947 (which was during the term of the contract of employment), he must not participate in any pest control work or similar business coming under the jursdiction or supervision of the Alabama Department of Agriculture and Industries within a radius of one hundred miles of Sheffield, Alabama, without the written consent of the party of the first part. The relationship terminated June 30, 1948. The employee then opened a business in Sheffield, Alabama, and began furnishing pest control service to all persons who desired such service. The bill of complaint was filed to enjoin the employee from engaging in the business in violation of his contract. The trial court granted a temporary injunction from which an appeal was taken. This Court affirmed the decree.

In the instant case the right to a temporary injunction is not here involved. But the trial court overruled a demurrer to the bill. There is no difference in principle between it and the case of Slay v. Hess, supra, with the additional circumstance that Newsom was not only employed by complainant but he sold to complainant the good will of his business.

In passing on the rights and obligations of the parties here involved, we are not dependant upon common-law principles fixing the legal status of the parties or prescribing the circumstances when relief will be granted. Section 23, supra, relieves us of the necessity to make inquiry as to that. That statute is specific, though it did not at first apply to employer and employee relationship, but only to one who sold the good will of his business. Such was its status in the Code of 1923, section 6827. The change to its present form was made by the legislative act approved July 23, 1931, Acts 1931, page 647. There is no error in the decree overruling the demurrer of appellants to the bill insofar as the same is argued here in brief.

The decree should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice, under authority of Title 13, § 32, Code, and was adopted by the Court as its opinion.

Affirmed.

LAWSON, STAKELY, MERRILL and CLAYTON, JJ., concur.