78 So.2d 926

**Jim IVEY et al.**

v.

**Barney J. MASSEY et al. (Upstate Chemical Company).**

**8 Div. 772.**

Supreme Court of Alabama.

March 24, 1955.

H. T. Foster, Scottsboro, and H. G. Bailey, Boaz, for appellants.

Marion F. Lusk, Guntersville, for appellee.

PER CURIAM.

This is an appeal by respondents from a decree overruling their demurrer to a bill in equity. The bill seeks an injunction, temporary and permanent, but no injunction has been issued. The question on the appeal therefore concerns only the demurrer.

The injunction sought is to prohibit respondents from violating an agreement "to refrain from carrying on or engaging in a similar business to that herein conveyed, and from soliciting old customers of such

business, either individually or as an employee of others, for a period of five (5) years from the date hereof, in Etowah County, Alabama, or any other county in the State of Alabama".

The bill alleges that complainants are the assignees of a contract entered into between Massey, one of them and his partners, with Ivey one of the respondents. The contract consisted of a sale by Ivey of a certain defined business and good will with the trade name of "Ivey Products" and the business name of "Upstate Chemical Company", and included certain manufacturing formulas, some of them secret, together with the stock of goods, wares, merchandise, furniture, fixtures and equipment. It is unnecessary to set out other stipulations in the contract. There was a cash consideration paid for the sale and the contract as a part of it, and was operative in favor of the assignees of the purchaser, who are these complainants. The contract stated that respondent Ivey had been doing business as the Upstate Chemical Company in Scottsboro, Jackson County, Alabama. That is the business sold to the purchaser. The complainants went into possession of the formulas and other property, and operated said business with its plant and offices in East Gadsden, selling its products in Jackson, DeKalb, Etowah, Madison and other counties in north Alabama.

We understand the bill to mean that complainants, after their purchase, removed the properties so acquired to East Gadsden, Etowah County, but that Jackson County is within their trade territory, where they continued to do business, and that while they were engaged in such business in said counties, the respondent Ivey formed a partnership with respondent Reid and they have been and were then engaged in the manufacture of the same products included in said contract, with a plant and offices in Scottsboro and are doing business with former customers of said Upstate Chemical Company in all of said counties, and are making deliberate and false statements with respect to complainants' business. This is shown to be in competition with complainants in respect to said business and the products and good will involved. The injunction sought only has application to Jackson County.

We have had other cases in which an injunction was sought with respect to that line of business, with particular reference to section 23, Title 9 of the Code. Slay v. Hess, 252 Ala. 455, 41 So.2d 582; Rush v. Newsom Exterminators, 261 Ala. 610, 75 So.2d 112.

In the instant case there is a larger territory described in the contract than that sought to be affected by the injunction. The injunction should not extend beyond that part of the territory described in which respondents are competing with complainants in violation of the contract. We observed in Rush v. Newsom Exterminators, supra, as in McNeel Marble Co. v. Robinette, 259 Ala. 66, 65 So.2d 221, that the bill should allege facts which show that the territory to be affected by the injunction is a reasonable part of that specified in the contract to be included in its prohibition on account of the competitive nature of the business alleged to exist there.

The allegations of the bill in connection with the stipulations of the contract comply with the requirements of section 23, Title 9, supra, and our cases on the subject. Stokes v. Moore, Ala., 77 So.2d 331 [1]; Hill v. Rice, 259 Ala. 587, 67 So.2d 789; Loftin v. Parker, 253 Ala. 98, 42 So.2d 824; Yost v. Patrick, 245 Ala. 275, 17 So.2d 240; Shelton v. Shelton, 238 Ala. 489, 192 So. 55; Maddox v. Fuller, 233 Ala. 662, 173 So. 12; Davis, Inc., v. Christopher, 219 Ala. 346, 122 So. 406.

The decree overruling the demurrer should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

1. Ante, p. 59.

Affirmed. Defendants allowed thirty days in which to answer the bill of complaint.

LIVINGSTON, C. J., and LAWSON, SIMPSON and GOODWYN, JJ., concur.