209 So.2d 383

**Frank S. PARKER et al.**

v.

**EBSCO INDUSTRIES, INC.**

**6 Div. 527.**

Supreme Court of Alabama.

April 4, 1968.

Rehearing Denied May 2, 1968.

Corretti, Newsom & Rogers, Birmingham, for appellants.

A. H. Gaede, Jr., Macbeth Wagnon, Jr., and Bradley, Arant, Rose & White, Birmingham, for appellee.

MERRILL, Justice.

Appeal from a decree enjoining respondents from competing with appellee, their former employer, in two aspects of their businesses for a period of one year from September 25, 1967.

The bill, as amended, alleged that appellee, EBSCO Industries, Inc., is a Delaware corporation with its principal place of business in Jefferson County; that it is a diversified corporation which does business in all the states and in several foreign countries; that one of its major parts is its Directional Advertising Services Division, which is engaged in the solicitation and sale of directional advertising in all the forty-eight adjacent states; that it originated this business; that its success has resulted in large measure from its efforts in recruiting and training salesmen, market analysis and its contacts with its customers; that the respondent Frank S. Parker had worked for appellee for twenty years, was Vice President of the corporation and National Sales Manager of the Directional Advertising Services Division, had charge of the recruiting and training of salesmen and managers in most of the states east of the Rocky Mountains; that he had been trained by appellee, learned appellee's techniques and methods and had almost complete access to appellee's records, customer lists and other confidential information; that respondent Robert E. Wood had been an employee of appellee for nearly eleven years, that he was National Sales Trainer for the Directional Advertising Services Division in all states east of the Rocky Mountains, that he spent half his time training salesmen and half personally calling on customers and selling directional advertising; that his expenses were paid by appellee and that he had access to appellee's records and confidential information; that Wood voluntarily resigned on August 30, 1967, and Parker voluntarily resigned on September 1, 1967; that a few days later they formed a business, "Parker-Wood & Associates," with its principal place of business in Jefferson County, in competition with appellee; that they had solicited business from some of appellee's customers and had tried in one or more states to induce appellee's employees to leave appellee and come with them and had urged some of appellee's customers not to renew with appellee but give their business to Parker-Wood; that both Parker and Wood, while employed by appellee, had signed non-competition agreements which they had now breached; that unless they were restrained from their activities, appellee would suffer irreparable loss and damages for which there was no adequate remedy at law.

The non-competition agreement with Parker, dated March 14, 1964, was set out in the bill of complaint as follows:

"In consideration of this employment agreement between EBSCO Industries, Inc. and Frank S. Parker and for other good and valuable consideration, Frank S. Parker agrees, for a period of five (5) years from and after the termination of his employment that he will not, directly or indirectly, solicit any account type sold and serviced by EBSCO Industries, Inc., or in any other manner compete with the business of the type employed by EBSCO Industries, Inc., either directly or indirectly, either independently or on behalf of any person, firm or corporation engaged in the business of the type covered by this agreement competitive to that of EBSCO Industries, Inc. This restriction shall apply to all customers and pro-

visions herein may be enforced by injunctive relief or other relief available to EBSCO Industries, Inc."

Wood's non-competition agreement, dated February 7, 1962, was set out as follows:

"In consideration of employing you, Rober (sic) and other good and valuable consideration, you agree for a period of three (3) years from and after termination of this employment, that you will not directly or indirectly solicit any account of EBSCO Industries, or in any other manner compete with the business of EBSCO Industries, Inc. on behalf of any person, firm or corporation engage in a business competitive to that of EBSCO Industries, Inc. This restriction shall apply to all customers in the United States east of the Rocky Mountains and the provisions hereof may be enforced by injunctive relief or any other remedy available to EBSCO Industries, Inc."

The bill, as amended, prayed that Parker and Wood, individually and as partners or joint venturers, be enjoined from competing with appellee, from inducing or otherwise encouraging employees of appellee to leave their present employment and join them, and from calling upon and soliciting business from appellee's customers within Alabama and the thirty-six states in which Parker and Wood had actually performed services for appellee for a period of five years, as to Parker and three years as to Wood, or within such lesser area limits as to the court seemed just and reasonable.

The trial judge granted a temporary restraining order on September 25, 1967, and after the filing of various pleadings and affidavits, the cause was submitted by stipulation of the parties, approved by the trial judge, on "respondents' demurrer as amended and motion to dissolve injunction as amended and for a final determination of the issue on the merits on verified bill of complaint as amended, on sworn answer as amended, and affidavits of the parties in support thereof, without the taking of testi-

mony ore tenus." The date of submission was October 17, 1967. On that same day, the trial court entered its decree overruling the demurrers, denying the motion to dissolve and "The temporary Writ of Injunction presently outstanding in this cause is hereby modified, and made permanent, to enjoin and restrain Respondents, and each of them, for a period of one year from September 25, 1967, from the following: (1) from soliciting any old or established customers of Complainant, wherever said customers may be located, and (2) from inducing any employee of Complainant to, in any manner, join with said Respondents in soliciting said customers of Complainant."

The question of the issuance of the temporary restraining order is not before us.

Appellants state in brief that "the only issue involved in this case is whether or not Paragraph (10) of the Parker agreement and the restrictive covenant contained in the Wood agreement on page 4 thereof are enforceable beyond a specified county, city or part thereof."

Title 9, Section 22, Code 1940, provides:

"Every contract by which any one is restrained from exercising a lawful profession, trade, or business of any kind, otherwise than is provided by the next two sections, is to that extent, void."

Title 9, Section 24 is not applicable to the situation before us, so that leaves only Section 23 for application to the Parker and Wood agreements. If not exempted in Section 23, they are void.

Originally, Section 23 applied only to a seller and buyer of the good will of a business, Section 6827, Code 1923, but the section was amended in 1931 to extend the relationship to employer and employee. (For history of the amendment see last paragraph of opinion in Rush v. Newsom Exterminators, 261 Ala. 610, 75 So.2d 112.)

Since 1931, the section has read: (We emphasize the new words added by the amendment.)

"One who sells the good will of a business may agree with the buyer, *and one who is employed as an agent, servant, or employee may agree with his employer,* to refrain from carrying on *or engaging in* a similar business *and from soliciting old customers of such employer* within a specified county, city, or part thereof, so long as the buyer or any person deriving title to the good will from him, *and so long as such employer* carries on a like business therein."

In McNeel Marble Co. v. Robinette, 259 Ala. 66, 65 So.2d 221, we said "county" in the statute means "counties," and that "[W]hen the locality and time are specified in the contract, that means such part of that locality and time as appears to be a reasonable limitation upon a consideration of the facts and circumstances which are influential in that respect."

We also quote excerpts from authorities cited with approval in Hill v. Rice, 259 Ala. 587, 67 So.2d 789:

"Generally, * * *, it is the rule in the absence of contrary statute that agreements by which an employee as part of his contract of employment undertakes not to enter into a competing business on leaving his employer's service are sustained if they are no wider than reasonably necessary for the protection of the employer's business, and do not impose undue hardship on the employee, due regard being had to the interests of the public."

"* * * Employments which involve acquisition by the employee of confidential knowledge and acquaintance with the employer's clientele are regarded as peculiarly appropriate to restrictions against the use of such knowledge in competition with the employer.

"As to the reasonableness of such covenants, 'the test generally applied * * * is whether or not the restraint is necessary for the protection of the business or good will of the employer, and, if so, whether it imposes on the employee any greater restraint than is reasonably necessary to secure to the business of the employer, or the good will thereof, such protection, regard being had to the injury which may result to the public from restraining the breach of the covenant, in the loss of the employee's service and skill and the danger of his becoming a charge upon the public. * * *'"

Our cases have not placed a strict or rigid construction on the words "county, city or part thereof" and any language tending toward inflexibility in Yost v. Patrick, post, was rendered ineffective by the following statement in Rush v. Newsom Exterminators, 261 Ala. 610, 75 So.2d 112: "The views expressed by the writer of the opinion in Yost v. Patrick, 245 Ala. 275, 17 So.2d 240, in respect to the territorial limits prescribed in section 23, supra, were not concurred in by the Court."

There is no suggestion in the statute, Tit. 9, Sec. 23, that its application is limited to the boundary lines of Alabama. If it were so applied, corporations doing a multistate business would have no protection. The appellants here were key employees in the Directional Advertising Services Division of appellee's business, and were the contacts with out of state customers, either individually or through their trainees. The principal place of business of appellee and appellants was Jefferson County and an injunction covering the counties in Alabama only would have little effect on this particular type of nationwide business.

■ We hold that under the circumstances of this case that the injunction properly covered more territory than the State of Alabama.

Appellants also contend that the court erred in refusing to grant the motion to dissolve.

■ A motion to dissolve a temporary injunction or restraining order confesses the averments of the bill, whether well or ill pleaded, and in the absence of a verified answer denying all the material averments,

can be grounded only on a want of equity in the bill. D. B. Clayton & Associates v. McNaughton, 279 Ala. 159, 182 So.2d 890.

When considering the dissolution of a temporary injunction on a bill, answer and supporting affidavits, the court is vested with a wide discretion, and will weigh the relative degrees of injury and benefit to the respective parties which may ensue from the maintenance of the injunction on the one hand, or its dissolution on the other. State v. Simonetti, Inc., 273 Ala. 571, 143 So.2d 444; Davis v. Ross, 255 Ala. 668, 53 So.2d 544.

Apart from the question of the area or territory, we think it is apparent from our statement of the allegations that the bill contained equity. The affidavits contained credible evidence that both employees breached their contract, did attempt to induce certain employees of appellee to work for them, did attempt to get customer lists from employees or former employees of appellee and that irreparable injury would be done appellee.

On the question of unlimited area and time, this court, in answering a contention that the restrictive covenant was void because it did not express the territory in which it was to be operative, said in J. L. Davis, Inc. v. Christopher, 219 Ala. 346, 122 So. 406:

"Respondent contends first that the contract is void because it does not express the territory in which it is to operate. This court, in the case of Moore & Handley v. Towers, 87 Ala. 206, 6 So. 41, 13 Am.St.Rep. 23, pointed out that the terms of such contract will be construed in connection with attendant circumstances, and, though there is no expression in its terms of the territory embraced, the extent of such territory may be inferred from such circumstances. The same has also been held with respect to the time of its operation when not expressed. Smith v. Webb, 176 Ala. 596, 58 So. 913, 40 L.R.A.,N.S., 1191."

In McNeel Marble Co. v. Robinette, 259 Ala. 66, 65 So.2d 221, the restrictive contract covered forty-seven specified counties in Alabama, including Jefferson, and five specified counties in Georgia. This court remanded the cause holding that the bill would contain equity if complainant could show a non-competing contract which was not dated on a Sunday.

In Slay v. Hess, 252 Ala. 455, 41 So.2d 582, the restriction was "within a radius of one hundred miles of Sheffield, Alabama." We judicially know that this includes all or parts of several counties in Alabama as well as territory in both Mississippi and Tennessee. The contract was upheld by the lower court and this court.

In Hill v. Rice, 259 Ala. 587, 67 So.2d 789, the restriction was: "The employee agrees that upon the termination of his or her employment for any cause, and for a period of two years thereafter, that he or she will not in the City of Mobile or any county, whether in the State of Alabama or not, which adjoins Mobile County, within a radius of 75 miles of the employer's studios in the City of Mobile or within 75 miles of any studio which uses and is entitled to use the name of Arthur Murray, without the written consent of the employer, accept employment in any manner relating to dancing," etc.

We judicially know that this includes other counties in Alabama and in Mississippi. We said:

"Except as to failure to show a sufficient consideration moving from complainant to respondents, as hereinafter indicated and discussed, we think the general demurrer going to the equity of the bill was properly overruled."

In Rush v. Newsom Exterminators, 261 Ala. 610, 75 So.2d 112, and Ivey v. Massey, 262 Ala. 365, 78 So.2d 926, the bills were held good where the restrictive contracts covered the entire State of Alabama.

In Turner v. Robinson, 214 Ga. 729, 107 S.E.2d 648, where the territory was the

**104**

"Dixie Division," consisting of the states of Alabama, Georgia, Florida, South Carolina and North Carolina, the Supreme Court of Georgia said:

"In determining the question as to reasonableness of territorial limitation, '* * * the court will consider the nature and extent of the trade or business, the situation of the parties, and all the other circumstances * * * all such contracts are void, if considered only in the abstract, and without reference to the situation or objects of the parties, or other circumstances under or with reference to which they were made. * * * But if, considered with reference to the situation, business, and objects of the parties, and in the light of all the surrounding circumstances with reference to which the contract was made, the restraint contracted for appears to have been for a just and honest purpose, for the protection of the legitimate interests of the party in whose favor it is imposed, reasonable as between them, and not specially injurious to the public, the restraint will be held valid.' * * * "

Once again, we note that appellants have not been enjoined from competing with appellee. They were enjoined only from soliciting old or established customers of appellee, wherever located, and from inducing any employee of appellee to join them in soliciting the established customers of appellee, for a period of one year.

We hold that the bill contained equity, the motion to dissolve was properly denied and the territory described in the bill, all the states in the United States except those west of the Rocky Mountains, was reasonable under the facts and circumstances of this particular case.

Finally, appellants argue that the verification of the bill, as amended, was defective. We have already quoted the stipulation in the record that the cause was submitted on "verified bill of complaint as amended," and any defect in the verification was thereby waived, because no objection was taken to the bill for the want of proper verification, and it shows that the bill was sworn to. Our practice requires that such matters should be raised in the trial court, and cannot be raised for the first time on appeal. Hogan v. Branch Bank at Decatur, 10 Ala. 485. See Cartwright v. West, 173 Ala. 198, 55 So. 917; Spenny v. Sorrell, 12 Ala.App. 650, 68 So. 547.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and HARWOOD, JJ., concur.