229 So.2d 480

**Eric Carl DAUGHTRY and Mrs. Omer Gibson, doing business as Bullock County Propane Gas Co.**

v.

**CAPITAL GAS COMPANY, Incorporated, a Corp.**

5 Div. 871.

Supreme Court of Alabama.

Dec. 4, 1969.

Rehearing Denied Jan. 8, 1970.

**90**

Russell, Raymon & Russell, Tuskegee, for appellants.

Ball & Ball, and Robert S. Lamar, Jr., Montgomery, for appellee.

BLOODWORTH, Justice.

Respondents Daughtry and Gibson appeal from a decree enjoining respondent Daughtry from selling liquefied petroleum gas or liquefied petroleum gas appliances in Macon County, Alabama, and enjoining respondent Gibson, d/b/a Bullock County Propane Gas Company, from aiding Daughtry in violating his written contract with complainant Capital Gas Company.

The bill of complaint filed by Capital Gas Company sought to enforce its non-competition employment contract.

The primary question on this appeal is whether a written contract of employment containing a covenant by the employee (Daughtry) not to compete with his employer (Capital Gas) after termination of his employment is supported by an adequate consideration.

We hold the contract is so supported for the reasons as will hereinafter appear. There are other assignments of error which we will treat in the order they appear in brief and in which we find no reversible error.

Capital Gas Company is a corporation engaged in the business of selling and distributing liquefied petroleum gas and liquefied petroleum gas appliances. Its business is carried on primarily in central Alabama, and it has done business in Bul-

lock, Lee, Macon, Montgomery and Tallapoosa counties since 1947. The trial court found that approximately 90% of its customers in these counties are located in Macon County.

The trial court also found that Capital Gas Company has invested large sums of money in advertising its products and services, and in building up good will. It has made substantial capital investments and has acquired a large number of customers. The company's main office is in Montgomery, Alabama, and a branch office is maintained outside Tuskegee, Alabama. Sales and deliveries of gas and appliances are made to customers within the Macon County area by a company employee operating out of the Tuskegee office who is designated the branch manager.

On January 15, 1966, Daughtry was orally employed by Capital Gas Company to be the branch manager of the Tuskegee office. The job included working as a truck driver-salesman for the company.

On June 1, 1966, Capital Gas and Daughtry executed a written contract of employment which contained a "negative covenant" that Daughtry would not compete with complainant in Bullock, Lee, Macon, or Tallapoosa Counties for a period of two years after the termination of his employment with complainant. The trial court found that Daughtry signed the contract voluntarily and without fraud, duress or threats on the part of complainant, which finding is supported by the evidence.

In February 1967, Daughtry had a disagreement with Capital Gas Company concerning his action in making a credit sale to a customer who was behind in her monthly payments to the company. Thereafter, Daughtry tendered his resignation to the company and it was accepted.

Daughtry remained unemployed until August, 1967 when he was engaged as a salesman and deliveryman by respondent Gibson, d/b/a Bullock County Propane Gas Company in Union Springs, Alabama. It is a business competitor of Capital Gas engaged in the sale and distribution of liquefied petroleum gas and appliances in the same general area.

Daughtry is well known in Macon County, and has gained knowledge of a large number of customers of Capital Gas, most of whom live in rural and difficult to locate areas, through the use of a route book which Capital Gas had supplied to him. The record further shows that, while working for Bullock County Propane, Daughtry sold gas to customers whom he had formerly serviced while employed by Capital Gas Company.

The first assignment of error, the primary contention on this appeal, alleges the trial court erred in finding that the written contract between Daughtry and Capital Gas Company was valid and supported by consideration.

Daughtry and Gibson contend that Daughtry received no remuneration for signing the contract, and that his pay and duties remained the same as prior to signing it; therefore, it is void and unenforceable.

Capital Gas contends that Daughtry's continued employment with the company under the terms of the contract was adequate consideration to support it.

In support of their position Daughtry and Gibson rely on the cases of Kadis v. Britt, (1944) 224 N.C. 154, 29 S.E.2d 543, 152 A.L.R. 405, and Schneller v. Hayes, (1934) 176 Wash. 115, 28 P.2d 273.

In Kadis v. Britt, supra, the Supreme Court of North Carolina held void as against public policy a covenant in an employment contract restricting an employee who worked as a deliveryman and bill collector, and any member of his family, from obtaining employment with the employer's competitor in certain territory following termination of his employment. The court determined that the undue hardship placed upon the employee and his family by having to abandon the only occupation for which he was fitted was greater than the

protection of any right or asset the employer held in the conduct of his business.

In Schneller v. Hayes, supra, an optician's agreement not to engage in business as an optician in the same city as his employer in consideration of employment was held to be without consideration since the agreement promised nothing in the way of future employment or wages, and his employment could be terminated at the employer's pleasure. But, more significantly, the court pointed out the contract was unlimited as to time, and its enforcement would forever prohibit the employee from carrying on his business in the same city as his former employer.

We do not consider these cases to be dispositive of the instant case, nor that they represent the "better view" as argued by respondents Daughtry and Gibson. Neither was decided pursuant to any statutory authority.

Title 9, §§ 22–24, Code of Alabama, 1940 "* * * has fixed the public policy of this State in respect to employment contracts. To be enforceable under it there must be an employment contract mutually binding or executed by the employer in such manner as to provide valuable and reasonably adequate consideration for the contract of the employee * * *." Stokes v. Moore, 262 Ala. 59, 63, 77 So.2d 331, 334.

The pertinent provisions of Title 9, § 23, supra, are:

"* * * one who is employed as an agent, servant, or employee may agree with his employer, to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof * * * so long as such employer carries on a like business therein."

In Stokes v. Moore, supra, we held a contract by the manager of a small loan business not to engage in a similar business in Mobile, Alabama, for one year from the termination of his employment as manager of his employer's small loan business was supported by a sufficient consideration and was valid as containing a reasonable limitation on area and time in which the contract was to extend. In that case, the late Mr. Justice Foster wrote for the court:

"* * * The compliance with the contract by the employer by giving respondent employment from March 20, 1950 to August 24, 1954 with apparent willingness to continue to do so for an indefinite period in the future provided a valuable and adequate consideration for the covenant of the employee to continue as expressed in the contract, although it was unilateral at its inception. * * *" Stokes v. Moore, supra, at p. 63, 77 So.2d at p. 334.

We think that what we said in Hill v. Rice, 259 Ala. 587, 595, 67 So.2d 789, 796, supra, one of our leading cases on the subject of "negative covenants," is applicable here:

"* * * [W]e observe that the test of mutuality is not to be applied as of the time when the promises are made, but more properly as of the time when one or the other of the promises is sought to be enforced. It may be stated as accepted doctrine that absence of inceptive mutuality constitutes no defense to the enforcement of an executed contract supported by a sufficient consideration.

"Our cases approve the principle that although an agreement might not be binding on both parties at the time of its execution, it may be made so by performance under it. * * *"

We are of the opinion that the valid consideration for signing the contract was the continued employment of Daughtry by Capital Gas under the contract (from June 1, 1966 to February 1, 1967) during which time he performed services for the company for which he was compensated,

the apparent willingness of the company to continue to employ him in the future, and the contract provision providing a minimum term of employment of three months and termination by either party only after giving 14 days notice to the other party.[1]

We find no merit in the first assignment of error.

■ Assignments of error 2–7 allege similar, although slightly different, errors as ground for reversal. Since the arguments made to assignments 1 and 2 are adopted as to assignments 3, 4, 5, 6 and 7, we will treat 2–7, inclusive, together. These assignments charge that the trial court erred in enjoining Daughtry from soliciting or selling liquefied petroleum gas or liquefied petroleum gas appliances on behalf of himself or any other person, firm, or corporation, within the limits of Macon County, Alabama, from the date of the decree until February 1, 1969.

In the trial court's findings of fact was the finding that 90% of complainant's business was derived from customers in Macon County. On this basis the court concluded that to strictly enforce the provisions of the contract, which prohibited competition within Bullock, Lee, Macon and Tallapoosa counties would constitute an unreasonable restraint on trade.

Respondents Daughtry and Gibson contend that the effect of the trial court's decree is to enforce a contract different from the one which the parties agreed upon. They argue that this court has misapplied the holding in J. L. Davis, Inc. v. Christopher, 219 Ala. 346, 122 So. 406, in our later decisions with respect to "negative covenants" containing territorial limitations, particularly in McNeel Marble Co.

v. Robinette, 259 Ala. 66, 65 So.2d 221; Rush v. Newsom Exterminators, 261 Ala. 610, 75 So.2d 112; and Parker v. EBSCO Industries, Inc., 282 Ala. 98, 209 So.2d 383.

Respondents Daughtry and Gibson contend the difference between J. L. Davis, Inc., supra, and the McNeel Marble Co., Rush and Parker cases is that the contract in Davis did not specify any territorial limitations and this court stated it was proper to infer from the circumstances of the case what the parties intended the limitations to be. In McNeel, Rush and Parker, they say the parties had set out in their respective contracts the territorial limitations which we found to be unreasonable, although we interpreted the contracts to permit enforcement within reasonable limits.

Notwithstanding earnest insistence of counsel, we are unwilling to depart from the rule enunciated in the opinion in McNeel, supra:

"* * * When the locality and time are specified in the contract, that means such part of that locality and time as appears to be a reasonable limitation upon a consideration of the facts and circumstances which are influential in that respect. The territory so limited cannot extend beyond the specified area, but the facts may draw in the boundaries from those expressed in the contract. * * *"

We consider this to be sound authority to support the limitation of locality in the instant case.

■ We agree with the contention of Capital Gas that this rule does no violence to the doctrine that a court cannot make a contract different from that agreed upon by the parties. Rather, the court is simply

1. The relevant contract provisions are:
"The company and the employee understand and agree that the term of employment of this agreement shall be for a period of not less than three (3) months after this date, provided the employee faithfully performs his duties in a manner in keeping with this agreement and the rules and regulations of the company. After three (3) months from the date hereof, the employment of the employee may be terminated by either party upon the giving of fourteen (14) days' notice to the other."

enforcing the contract to the extent that it is reasonable and valid. We find no reversible error in assignments 2–7.

Assignments of error 8–10 allege that the trial court erred in enjoining the respondent Gibson, d/b/a Bullock County Propane Gas Company, from aiding, abetting, permitting or encouraging Daughtry to violate his contract with complainant; enjoining respondent Gibson, d/b/a Bullock Propane Gas Company, from receiving any benefit from Daughtry's violation of his contract with complainant; and, enjoining respondent Gibson, d/b/a Bullock County Propane Gas Company, from employing Daughtry as a salesman of liquefied petroleum gas or appliances in Macon County, Alabama.

Respondents Daughtry and Gibson assign their argument to assignments 1 and 2 to these assignments. We think that what we have already said with respect to previous assignments applies with equal force to assignments of error 8–10. We also consider that the following excerpt from the annotation at 94 A.L.R. 345 fortifies our judgment that there is no error herein, viz:

> "The majority, and the better considered, of the cases, support the proposition that one who is in no sense a party to a covenant not to engage in a competing business cannot properly be enjoined from engaging in such business.

> "A stranger to the covenant may, however, properly be enjoined from aiding the covenantor in violating his covenant or receiving any benefit therefrom. So, a stranger to the covenant may well be enjoined from, in conjunction with the covenantor, or with his assistance, conducting a business in competition with the covenantee. * * *"

With respect to a similar issue, our court has said:

> " 'A person who has not executed or signed the contract or covenant is not bound by the stipulation against engaging in business, and he may not be enjoined from competing with the covenantee. He may, however, be restrained from engaging in the business in partnership with, or as an employee of, the covenanter or seller. * * *' " Yost v. Patrick, 245 Ala. 275, 280, 17 So.2d 240, 244.

Assignment of error 11 alleges the trial court erred in writing and enforcing a contract different from the one agreed upon by Capital Gas and Daughtry. We think this assignment has already been answered by our discussion of previous assignments.

The final assignment of error alleges the trial court erred in entering a decree in favor of the complainant and against the respondents. Having concluded that the contract was supported by adequate consideration, we are of the opinion the trial court's decree in enforcing the contract to the extent it constituted a reasonable restraint on trade was proper and is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON, MERRILL and COLEMAN, JJ., concur.