# Ryder *v.* Johnson, *et al.*

*Bill for Injunction and for Specific Performance.*

(Decided Dec. 19, 1907. 45 So. Rep. 181.)

1. *Vendor and Purchaser; Contract for Sale of Land.*—The owner of land offered to sell it for a certain price and the prospective purchaser accepted the offer by letter, provided the title was good. Held, the sale was complete.

2. *Frauds; Statute of; Contract for Sale of Land.*—The owner of land offered by letter to sell it for a certain price and the purchaser accepted the offer by letter, provided the title was good; a deed to the land was executed by the owner and placed in the hands of a

[Ryder v. Johnson, et al.]

third party to be delivered on payment of the purchase price.  Held, a sufficient compliance with the statute of frauds.

3. *Specific  Performance,  Grounds;  Contractual  Relations.*—J. agreed to sell certain lands to R. and on discovery that a part of the land was owned by his brother, procured from his brother a power of attorney authorizing him to convey his brother's interest in the land.  The deed was executed by J. in his individual capacity and as attorney in fact for his brother.  The acknowledgment to the power of attorney and to the deed was defective and R. required that the defect be remedied.  Before this was done J. died.  Held, R. was not entitled to a decree against the brother of J. requiring a conveyance of his interest in the land, as no contractual relations are shown to have existed between them.

4. *Deeds; Execution; Acknowledgment; Attestation.*—Although the acknowledgment to the deed and to the power of attorney was defective, both of them were valid, under section 1982, Code 1896, were both the deed and the power of attorney were attested by one witness.

5. *Principal and Agent; Power of Attorney; Death of Agent.*—In the absence of special provisions in a power of attorney to convey land, as to its being carried out by an heir or representative, it will be held a mere power to the agent which cannot be executed by the representative or heir of the agent.

6. *Injunction; Adequate Remedy at Law.*—An injunction will not be granted to prevent the prosecution of a suit to recover the statutory penalty for cutting trees upon the land of another on the ground that the defendant in the suit entered on the land and cut the timber, believing that a contract for the sale of the land to him had been consummated, since such a defense is available to defeat the action sought to be enjoined.

7. *Vendor and Purchaser; Performance of Contract.*—Although the deed is not properly acknowledged, a vendee, who did not bargain for any particular form of conveyance, could not refuse to accept an unacknowledged deed which conveyed the legal title.

8. *Specific Performance; Other Remedy.*—Whatever may be the vendee's rights to have this deed returned his remedy is not specific performance where his agent without authority returned the deed to the vendor on the ground that it was not properly acknowledged.

9. *Same.*—A vendee who had not contracted for an acknowledged deed cannot reject a valid deed conveying the legal title, refuse to pay the purchase money and then file a bill for specific performance in order to get a properly acknowledged ded.

APPEAL from Hale Chancery Court.

Heard before Hon. Thomas H. SMITH.

Bill by Carroll D. Ryder, as administrator, etc., against Margaret Johnston, as administratrix, etc., and another.  Decree for defendants, and complainant appeals.  Affirmed.

[Ryder v. Johnson, et al.]

HENRY A. JONES, for appellant. The deed although not operative as such amounted to a valid contract to convey such as a court of equity will enforce.—*Roney v. Moss,* 74 Ala. 390; *Hollis v. Harris,* 96 Ala. 288; *Jenkins v. Harrison,* 66 Ala. 345; *Johnston v. Jonnes,* 85 Ala. 286; *Franke & Muth v. Riggs & Mossman,* 93 Ala. 252.

THOMAS E. KNIGHT, and DEGRAFFENRIED & EVINS, for appellee. The bill is wholly without equity and the decree of the chancellor should be affirmed. The deed was valid.—Sec. 982, Code 1896. Although the acknowledgment was defective, the acknowledgment acted as an attestation of one witness.—*Merritt v. Phoenix,* 48 Ala. 87; *Sharpe v. Orme,* 61 Ala. 263; *N. C. & St. L. Ry. v. Hammond,* 104 Ala. 192.

SIMPSON, J.—The bill in this case was filed by Jasper T. Bates, who was appellant's intestate, and it alleges that H. W. Johnston (who was the intestate of the appellee Margaret, and whose only heir she is) offered by letter to sell to said Bates the land described in the bill for $270; that said Bates replied, accepting the proposition, provided Johnston's title proved to be good, and requested H. W. Johnston to prepare and sign a deed, and send it to Blocker, to be delivered to said Bates, the original complainant, on payment of the money; that it was afterwards ascertained that said H. W. Johnston did not have the title to a certain part of the land, but that the same was in his brother, Frederick Johnston, the other defendant, and that, in order to remedy this said H. W. obtained from Frederick Johnston a power of attorney authorizing him to convey the same; that said H. W. Johnston did sign the deed, individually and as attorney in fact for his said brother, conveying the land to said original complainant, and

[Ryder v. Johnson, et al.]

placed the same in the hands of said Blocker, who, at the request of said original complainant, handed the same to Walter Smith, an abstractor, who was to examine the title to said lands, and at the same time said original complainant deposited his check for the money with said Smith, to be paid over if the title proved to be good and the deed properly executed; that H. W. Johnston was informed of the fact that said check was so deposited and consented to the arrangement. It is alleged that, although the titles proved to be good, yet the acknowledgments to the deed and to the power of attorney were defective, in not complying with the requirement of the Alabama statute on that subject; that said Smith pointed out the defects, and required that they be corrected before he would hand over the check; that, pending the delay thus caused, said Smith, without authority from said original complainant, handed said deed back to said H. W. Johnston, or his attorney, and complainant did not know of this, but supposed that the trade had been fully consummated; that his employes, getting out timber for him, also supposing that the trade had been fully consummated, cut the timber complained of in the action at law, which timber has not been removed from the land. But it appears that said H. W. Johnston died before perfecting said papers, and that his administratrix and heir, the appellee Margaret Johnston, refuses to perfect them and carry out the agreement of sale of the premises, although the complainant offered to pay the money and carry out the agreement of purchase; that he also offered to pay her the full value of the timber cut, but she refused to accept it, saying that she was going to have a good deal more than the value; and that she is now prosecuting against appellant the suit in the circuit court which is sought to be enjoined, claiming the statutory penalty for the cutting

of the trees. Complainant avers that he has always been ready, and now offers, to pay whatever amount is due on the purchase of said land, and also offers to pay such other sum as the court may find to be justly and equitably due. Said Margaret Johnston, individually and as such administratrix, and said Frederick Johnston, are made parties defendant to the bill; and the prayers are for an injunction against said suit at law and for a specific performance of the contract of sale of the land. The bill also prays that said Frederick Johnston be required to execute a sufficient deed conveying the land to which he has the legal title.

The acceptance by the complainant of the offer to sell, both being by letter, would complete the contract of sale, the proviso in the acceptance being merely the proviso which the law would attach to the acceptance at any rate, towit, that the seller had a good title to the land; and the deed, afterwards signed, though improperly acknowledged, even if the previous agreement had not been in writing, would be a sufficient compliance with the statute of frauds, the office of the deed being merely to furnish the written evidence of the terms of the previous engagement.—*Jenkins v. Harrison,* 66 Ala. 346, 354, et seq.; *Johnston v. Jones,* 85 Ala. 286, 290, et seq., 4 South. 748.

The complainant asks for a decree against Frederick Johnston, requiring him to convey his title to a portion of the land to complainant. This could not be granted, for the reason that the bill does not show any contract relation between the complainant and said Frederick Johnston, but only a power of attorney from Frederick to H. W. Johnston, authorizing him to convey the land, which power he executed by making the deed referred to. The bill alleges that both said power of attorney and said deed were defective, in that the acknowledg-

ments did not conform to the requirements of the statutes of Alabama. Even although that be true, the execution of the same would constitute a good and valid conveyance and power of attorney, being attested by a witness.—Code 1896, § 982; *Merritt v. Phoenix*, 48 Ala. 87; *Sharpe v. Orme*, 61 Ala. 263; *N., C. & St. L. R. v. Hammond*, 104 Ala. 191, 15 South. 935. So that the complainant could not have a decree against said Frederick Johnston, whatever may have been his rights as against the heir of H. W. Johnston alone. He could not, however, compel the representative or heir of the attorney in fact to execute it, as, in the absence of any averments showing the special provisions of the power, we must presume that it was a mere power, which could not be executed by the representative or heir of the attorney in fact. There are no averments in the bill to show that any apportionment of price could be made, or that such is desired, on conveyance of a portion of the land.

There is no necessity for the injunction of the suit at law, as the defense sought to be made can be made in the law court.—*Glenn v. Adams*, 129 Ala. 189, 29 South. 836. But, aside from that, the allegations of the bill show that the deed that was signed and delivered to Smith was sufficient to convey the legal title to the land, being attested by one witness. That being the case, the complainant had no further claim on the vendors. While it would be more convenient to have a deed properly acknowledged, yet, as he did not bargain for any particular form of conveyance, the complainant could not refuse to accept a deed which conveyed the legal title. If Smith was his agent, clothed with authority to reject the deed offered, then his rejection and return of the same put an end to the rights of the complainant. If, on the other hand, said Smith had no authority to re-

[Ryder v. Johnson, et al.].

turn the deed, and the delivery to him as the complainant's agent was a delivery to the complainant, then, whatever may have been the rights of the complainant to have a return of that deed, his remedy was not specific performance.

Counsel contends that the deed "never was tendered to complainant, but was, by agreement of both parties, delivered to an abstracter, to be by him delivered to the complainant if found sufficient"; but he also claims that his right to a decree against Frederick Johnston is based on the deed which was executed by him per his attorney in fact, which, though defective, amounted to an agreement to convey. If this deed was delivered, it was a valid deed, and entitled the vendors to the check for the purchase money. If it was not delivered, then it was not complete as a contract to convey. The decisions with regard to treating defectively executed deeds as contracts to convey refer to those which fail to be operative as conveyances because neither witnessed nor acknowledged, and cannot be held to authorize a party to whom is tendered a valid deed, witnessed, to refuse to receive it, and refuse to pay the purchase money, and then file a bill for specific performance, in order to get an acknowledged deed, which had not been contracted for.

The decree of the court is affirmed.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.