77 So.2d 331

**H. E. STOKES**

v.

**Virgil C. MOORE et al.**

**I Div. 623.**

Supreme Court of Alabama.

Jan. 13, 1955.

Inge, Twitty, Armbrecht & Jackson, Mobile, for appellant.

Johnston, McCall & Johnston, Mobile, for appellees.

**PER CURIAM.**

This is an appeal by the respondent from a decree overruling his demurrer to a bill in equity authorized by section 755, Title 7, Code, and a decree ordering the issuance of a temporary injunction after a hearing as authorized by section 1057, Title 7, Code.

The complainants are partners and conduct a small loan business under the firm name of Reliance Finance Company in Mobile.

The bill alleges that on March 20, 1950 complainants entered into a contract with the respondent, H. E. Stokes, which provided for his employment by them as manager of their business. The purpose of the bill is to enjoin Stokes from violating the covenant of said agreement to the effect that in the event his employment is terminated for any reason he would not engage in the same or a similar line of business in Mobile either for himself or for another for a period of one year immediately following the termination of his employment. A copy of the contract is attached to the bill and made an exhibit. It provides for the employment of respondent by complainants without specification as to the length of time such employment shall continue, and provides for a monthly salary payable semimonthly. It authorizes the respondent, in the event he desired to terminate the contract of employment, to tender his written resignation effective not earlier than two weeks from the date of said resignation.

Another provision in the contract is to the effect that on account of the special nature of respondent's employment, in the event of a violation of any of its terms or pledges stated in that paragraph, a restraining order or injunction may be issued against him in any court of equity and that said court may assess and enter judgment against him in favor of complainants in the sum of $500 as liquidated damages for each such violation unless upon investigation it is proven that the loss resulting from each such violation is in excess of that amount, in which case such judgment may be assessed and entered against him for the full loss of same. Among the pledges stated in said paragraph is the covenant not to engage in a similar line of business in Mobile for one year immediately following the termination of his employment with complainants.

The bill also alleges that the respondent began his employment under such contract with complainants on March 20, 1950, which is the date of its execution, as the manager of said finance company and served in that capacity until the 24th day of August 1954, at which time he voluntarily quit said employment; and that on the next day thereafter he took a job of managing the Globe Finance Company, which was then set up by him and another as partners, and pro-

ceeded to engage in the same line of business in Mobile and was located only a short distance from the place of business of the Reliance Finance Company; and, further, that he breached said contract of employment by soliciting business from the former customers of complainants and communicated with them by mail, a sample copy of such communication being attached as an exhibit to the bill.

The prayer of the bill was that a temporary injunction issue enjoining the respondent from working for or engaging in the loan business in the city of Mobile for a period of one year in competition with the complainants; and further that a decree be rendered against the respondent in favor of the complainants in the sum of $500 as liquidated damages for a breach of said contract according to its stipulations.

The demurrer to the bill raised several questions with respect to its sufficiency, and on the hearing of the application for a temporary injunction an answer to the bill and affidavits were submitted for both complainants and respondent. These affidavits were principally devoted to the questions of whether such covenants are usual in contracts of that kind in Mobile, and whether it is customary to enforce them when they are set up in the contract and are violated; whether any actual damage has been sustained by the complainants on account of the breach of such covenants by the respondent, and whether the equities of the respective parties to the contract demand the issuance of a temporary injunction as prayed for.

As stated above, upon a consideration of the demurrer to the bill and of the application for a temporary injunction, the trial judge overruled the demurrer and ordered the issuance of an injunction enjoining and restraining the respondent from engaging in such competition in the city of Mobile for a period of one year from August 24, 1954 to August 24, 1955, upon complainants giving bond with good and sufficient sureties in the amount of $2,000 conditioned to pay all damages and costs which the *respondent* may sustain by the suing out of such injunction if the same is dissolved as having been improvidently issued. That is not exactly the condition of the bond required by section 1043, Title 7, Code.

It is evident that the decree ordering the injunction was intended to order a temporary injunction, whereas its effect is to make it operative during the entire period of one year from the date of the termination of employment as provided in the agreement. That means that such order for a temporary injunction grants the entire injunctive relief sought by the bill and available only in the final decree. The order here made for the injunction is not in the form of a final decree and evidently not so intended by the parties and the court, yet it has the injunctive effect of a final decree. Attention is called to the requirement of a bond as a condition to the issuance of a writ, although neither a bond nor a writ of injunction is necessary in a final decree. The order as made is permanent for the period specified in the contract and the prayer for relief. If a temporary injunction is intended, the order should be for the issuance of the writ as prayed for to be effective until further orders of the court but not beyond August 24, 1955, conditioned upon the execution of a bond as provided in section 1043, Title 7, Code. See, 43 C.J.S., Injunctions, § 207, page 936.

On the merits to be considered on this appeal appellant cites Hill v. Rice, 259 Ala. 587, 67 So.2d 789, which discusses principles here applicable. In the consideration of those principles it must be kept clearly in mind that the bill may not be subject to demurrer, but on the facts presented by the answer and affidavits a temporary injunction should not issue. We will therefore first consider that question.

Section 23, Title 9, Code, has withdrawn from consideration some matters otherwise important. Rush v. Newsom Exterminators, Inc., Ala., 75 So.2d 112[1]. To enjoin one from breaching a covenant not to be employed in competition with another, and therefore in effect for a specific per-

formance of his contract was, without the statute, encumbered with important principles not applicable since the enactment of the statute. 43 C.J.S., Injunctions, § 84, page 571 et seq. The statute has fixed the public policy of this State in respect to employment contracts. To be enforceable under it there must be an employment contract mutually binding or executed by the employer in such manner as to provide valuable and reasonably adequate consideration for the contract of the employee, Hill v. Rice, supra [259 Ala. 587, 67 So.2d 793], whereby the employee agrees " 'to refrain from carrying on or engaging in a similar business and from soliciting old customers of such employer within a specified county, city, or part thereof, so long as * * * such employer carries on a like business therein.' "

The contract here involved complies with those requirements when considered in connection with the facts alleged in the bill and affidavits. The contract does not in terms bind the employer for any definite time, but it is shown that the parties acted upon it from March 20, 1950 to August 24, 1954 when the employee voluntarily terminated the employment without alleging any fault on the part of the employer inducing it, and immediately began to operate a competitive business in the city of Mobile in direct conflict with his covenant. The compliance with the contract by the employer by giving respondent employment from March 20, 1950 to August 24, 1954 with apparent willingness to continue to do so for an indefinite period in the future provided a valuable and adequate consideration for the covenant of the employee to continue as expressed in the contract, although it was unilateral at its inception. It results that we find a valid contract supported by a sufficient consideration with covenants to be operative only in the city of Mobile and to extend for only one year. But a contract of that sort does not always justify the issuance of an injunction against its breach. In our case of Shelton v. Shelton, 238 Ala. 489, 192 So. 55, this Court carefully considered and declared the circumstances which would give rise to an injunction. It was held that an injunction is largely a discretionary remedy to prevent substantial injury where no adequate remedy at law obtains. It must not only be violative of the contract, but must be carried on in competition with the former employer, and inadequacy of legal remedy may arise from inability to prove with certainty the extent of the injury required for a recovery of damages at law, or from the insolvency of the employee violating his contract. Ordinarily an injunction will not be granted where the contract is inequitable and unfair so as not to appeal to the conscience of a court of equity. It was further emphasized that an injunction should issue when the contract is not per se illegal or oppressive; between persons dealing at arms' length; with the presence of freedom in making it, and not arbitrarily enforced by the employer so as to work an unnecessary hardship on the employee. It was held that the injunction was properly issued in that case. See, also, Slay v. Hess, 252 Ala. 455, 41 So.2d 582.

There is here no allegation of insolvency by the employee. The contract contained a provision for liquidated damages in the sum of $500 for each violation. There was only one breach of that covenant in the contract, which breach was continuous in its nature. Damages could not be recovered, though liquidated by the contract, and at the same time an injunction issue. The amount stipulated for liquidated damages covers the period of its breach for one year and if there is an injunction effective during the year or any part of it, liquidated damages would not be recoverable. But that status is not a defect in the bill subjecting it to demurrer on that ground. While the prayer is not in the alternative for an injunction or liquidated damages, that is not a defect.

Complainants have seen fit to press for an injunction. Their claim for liquidated damages is not a matter for present determination except as it may affect the right to a temporary injunction. The provision in the contract for liquidated damages will not operate to prevent an injunction even though the employee is not insolvent, unless it appears from the contract

that the provision for liquidated damages was intended to be the exclusive remedy for its breach. 43 C.J.S., Injunctions, §§ 80(6), 84, pages 556, 574. Here it is apparent from the contract that liquidated damages were not intended to be the exclusive remedy for a breach of that covenant, for the contract provides that if this covenant is breached "a restraining order or injunction may be issued and entered against me (employee) in any court of equity jurisdiction, and that such court may assess and enter judgment against me in favor of your company for the sum of five hundred dollars ($500.00) as liquidated damages for each such violation".

We do not wish to express the view that an agreement for the issuance of an injunction, if and when a stipulated state of facts arises in the future, is binding on the court to that extent. Such an agreement would serve to oust the inherent jurisdiction of the court to determine whether an injunction is appropriate when applied for and to require its issuance even though to do so would be contrary to the opinion of the court. The following authorities are pertinent in that respect: Sections 16 and 17, Title 20, Code; 17 C.J.S., Contracts, § 229, page 603; Headley v. Aetna Ins. Co., 202 Ala. 384, 80 So. 466; Merchants' Grocery Co. v. Talladega Grocery Co., 217 Ala. 334, 116 So. 356; John Hancock Mutual Life Ins. Co. v. Large, 230 Ala. 621, 162 So. 277.

But the provision in the contract for the issuance of an injunction is expressive of the intention of the parties that the provision for liquidated damages was not to be the exclusive remedy. The result is that the right to an injunction is not foreclosed by the provision for liquidated damages. We also think the provision for an injunction is important in its influence upon an exercise of the discretionary power of the court to grant a temporary injunction.

The evidence shows that respondent set up a competitive business in close proximity to that of complainants. We infer from the evidence that the amount of business done by a small loan enterprise is largely the result of the activity of the manager and affected by personal influences which are not measurable in their effect. It was shown that as manager of a rival business respondent did contact former customers of complainants. His stationery and communications show that he has been making personal appeals contrary to the terms of his covenant, although there was no fault on complainants' part, but because he was able to obtain a better contract. He stipulated against such contingency, with full knowledge of its possible effect. The terms of his covenant and attendant circumstances do not show an unusual hardship resulting from an injunction of its breach. There is a reasonable limitation on the area and time in which the covenant is to extend.

We find no defect in the bill pointed out in the demurrer and insisted on by appellant. There was therefore no reversible error in overruling it. The order for a temporary injunction should be here modified to be effective from its date, December 1, 1954, until the further orders of the court, but not extending beyond August 24, 1955, upon complainants entering into bond payable and conditioned and with surety to be approved, all as provided in section 1043, Title 7, Code, and in the penal sum of $2,000 as prescribed by the trial judge. As thus modified, the order for a temporary injunction and decree overruling the demurrer to the bill should be affirmed.

The foregoing opinion was prepared by FOSTER, Supernumerary Justice of this Court, while serving on it at the request of the Chief Justice under authority of Title 13, section 32, Code, and was adopted by the Court as its opinion.

Affirmed as modified.

LIVINGSTON, C. J., and LAWSON, STAKELY and MERRILL, JJ., concur.