165 So.2d 914

**PLASTONE PLASTIC COMPANY**

v.

**BIRMINGHAM FIRE & CASUALTY COMPANY et al.**

6 Div. 971.

Supreme Court of Alabama.

June 18, 1964.

See also 165 So.2d 916.

Sirote, Permutt, Friend & Friedman, Birmingham, for appellant.

H. R. Teel, John H. Morrow and White, Bradley, Arant, All & Rose, Birmingham, for appellees.

HARWOOD, Justice.

This is an appeal from a judgment and decree of the lower court denying appellant's petition for an injunction to restrain a pending suit at law, and dismissing the bill of complaint.

The evidence shows that the Whitman-Webb Realty Company leased a building owned by it to the appellant, Plastone Plastic Company. For convenience Whitman-Webb will hereinafter be referred to as the Realty Company.

The appellee, Birmingham Fire and Casualty Company, insured the Realty Company against damage to the leased building by fire.

Subsequently the appellee issued a public liability and property damage policy to the appellant. This policy contained a clause excluding liability as to injury to or destruction of property owned by, or in control of, the insured.

Additional fire insurance on the leased building was carried with other insurance companies by the Realty Company.

On 17 December 1958, the building occupied by the appellant was damaged by fire, and appellee paid to the Realty Company certain sums due under and by virtue of the fire insurance policy.

Marks-Fitzgerald Furniture Company occupied premises adjacent to appellant's leased premises. Smoke damage to property in the furniture store resulted from the fire in appellant's premises. The furniture company's insurance carriers made payments to it for this damage.

Thereafter the following suits of law were instituted, and were pending at the time material to this review:

On 2 October 1959, the fire insurance carriers, including the appellee as a use plaintiff, filed suit against the appellant. In these suits the plaintiffs of course claimed as subrogees of the Realty Company. They sought damages because of alleged negligence of the appellant in connection with the fire.

On 1 December 1959, the insurers for the furniture company filed a suit against the appellant and the Realty Company also seeking damages for the alleged negligence of the appellant because of the fire.

In this suit the appellee assumed the defense of the appellant, including the investigation of the claim, etc., because of its public liability and property damage policy issued by it to the appellant, and the defense of the Realty Company was assumed by its insurer, Old Colony Insurance Company.

Thereafter on 17 December 1959, the appellant filed a bill in equity seeking to enjoin the appellee, Birmingham Fire and Casualty Company, from maintaining or being a party to, or sharing in, the benefits of the suit at law filed on 2 October 1959 by the insurance companies as subrogees of the Realty Company, in which they claimed damages of the appellant because of alleged negligence in connection with the fire.

After hearing below the court denied appellant's prayer for injunctive relief in the premises, and dismissed appellant's complaint. Hence this appeal.

The appellant's evidence below and also its argument in brief was and is directed toward showing: (1) that the appellee, Birmingham Fire and Casualty Company, impliedly waived any right to subrogation under the fire insurance policy issued to the Realty Company by subsequently issuing a public liability and property damage policy to the appellant, a tenant in the Realty Company's building, thus putting itself in a position of possible conflicting interests between the rights of the appellant and the rights of the Realty Company arising under the respective policies, and (2) that the appellee is equitably estopped from prosecuting its suit at law as subrogee of the Realty Company's fire insurance policy in that it assumed appellant's defense in the suit at law of the furniture company, and developed the defense, in cooperation with the appellant, on the asserted theory and grounds that appellant was not guilty of negligence, whereas in its suit as subrogee against the appellant it seeks to establish that the appellant was guilty of negligence in its connection with the fire.

 Waiver may of course be pleaded in the suit at law filed by the appellee as subrogee against the appellant. It has been so pleaded in numerous cases. See Ala. Dig. Vol. 12A, Insurance, ☞641(2). Likewise, equitable estoppel may also be pleaded at law to a purely legal claim. Ballenger v. Liberty National Life Insurance Company, 266 Ala. 407, 96 So.2d 728.

The matters argued by appellant actually could be pleaded either as waiver, or as estoppel, for in a sense the contentions of appellant partake of both. A waiver in that the parties will not be taken to have entered into an insurance contract, giving and receiving the price of a risk, knowing at the time the contract was written that it was valueless; and estoppel if the insured was lured into a false sense of protection it did not possess at the time of the loss. See Yorkshire Insurance Company v. Gazis, 219 Ala. 96, 121 So. 84.

Regardless, either contention of appellant presents matters that could be raised in the suit at law.

Where the relief sought in equity is to enjoin an action at law, and the matters sought to set up in the equity proceedings could be asserted in the law action, the complainant is deemed to have an adequate remedy at law, and his bill is due to be dismissed. Ryder v. Johnston, 153 Ala. 482, 45 So. 181; German v. Browne, 137 Ala. 429, 34 So. 985; Rucker v. Morgan, 122 Ala. 308, 25 So. 242.

The appellant having an adequate remedy at law, the court properly denied the injunctive relief sought by the bill. Stokes v. Moore, 262 Ala. 59, 77 So.2d 331; Hill v. Rice, 259 Ala. 587, 67 So.2d 789.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MERRILL, JJ., concur.