292 So.2d 118

Arlin H. WENNDT and Elaine G. Wenndt, jointly and severally

v.

ALABAMA GREAT SOUTHERN RAIL-ROAD CO., a corp., and Southern Railway Co., a corp.

SC 455.

Supreme Court of Alabama.

Jan. 31, 1974.

Rehearing Denied April 4, 1974.

Hardin, Stuart & Moncus, Birmingham, and Paden & Green, Bessemer, for appellants.

Stone, Patton & Kierce, Bessemer, for appellees.

FAULKNER, Justice.

Arlin H. Wenndt and Elaine G. Wenndt, the parents of Terry Wenndt, deceased, appeal from a judgment on a bill for declaratory judgment filed in the Circuit Court of Jefferson County, Bessemer Division.

The facts of the case are complex. On April 8, 1967, Terry Wenndt, a nine-year-old child, was struck and killed by a locomotive operated by the appellees (Southern). When struck, Terry was riding a bicycle. On April 19, 1967, Mrs. Wenndt filed a wrongful death action by and through her attorney, in Case Number 21666. At that time she was not living with her husband. Southern filed a sworn plea in abatement to the complaint alleging that Mrs. Wenndt was not the proper party to bring suit. On December 20, 1967, without notice to Southern, and apparently without notice to Mrs. Wenndt, Case Number 21666 was voluntarily dismissed by Mrs. Wenndt's attorney. The following order was entered:

"'Dismissed on motion of plaintiff due to adverse ruling of the Court. Costs assessed against the Plaintiff. Ball, Judge.'"

No adverse ruling appears in the record.

On January 4, 1968, the attorney who filed suit in Case Number 21666 filed a wrongful death action on behalf of Mr. Wenndt. This was Case Number 22135. Southern filed a demurrer. No other pleadings were filed in this action.

On March 4, 1968, Mrs. Wenndt, through another law firm, filed a petition under the Four Months Statute to set aside the judgment of dismissal in Case Number 21666 and reinstate the case. This was Case Number 22238. In April, 1968, Mr. and Mrs. Wenndt employed another law firm to represent them to determine which one of them had the cause of action. Case Number 22238 was set for a hearing on Southern's demurrer to the petition. On Motion of Wenndt's counsel there was a continuance.

On May 2, 1969, a hearing was held which was attended by the Wenndts, counsel for Mr. Wenndt in Case Number 22135, counsel for Mrs. Wenndt in Case Number 22238, counsel for Mr. and Mrs. Wenndt, and the defense counsel. This hearing was inconclusive and was continued. On May 12, 1969, there was another hearing attended by all parties and counsel who were present at the May 2 hearing. An appearance by the newly employed counsel for Mrs. Wenndt was entered. He informed the court that he was prepared to proceed on the petition to reinstate her original suit, Case Number 22238. A demurrer to the petition was overruled and Southern filed an answer. On September 17, 1971, Mrs. Wenndt moved to dismiss her petition to reinstate her original suit. The motion was granted on November 5, 1971. By this date the statute of limitations for wrongful death had run. Any rights which Mrs.

Wenndt might have had were extinguished. Mr. Wenndt's case was still pending. On November 30, 1971, Southern filed its bill for declaratory judgment seeking a declaration of rights of the parties in dispute over who was the proper party to prosecute the action for wrongful death. Southern prayed the court to find that Arlin H. Wenndt had abandoned his cause of action in the pending case or in the alternative that he was estopped from prosecuting his cause of action or both. Temporary and permanent injunctive relief was also sought. The trial court granted a temporary injunction. Motion to dissolve and a motion to discharge the temporary injunction were overruled. After an extensive finding of facts the court entered an order granting the relief sought by finding that Arlin H. Wenndt had abandoned any cause of action he might have had and he was enjoined from further prosecution of his pending action.

The eight assignments of error resolve themselves into two arguments: First, that there was adequate remedy at law; second, that Mr. Wenndt did nothing to indicate that he was abandoning or waiving his cause of action.

■ Waiver may be pleaded in a suit at law and so also equitable estoppel may be pleaded at law to a purely legal claim. Ballenger v. Liberty National Life Insurance Company, 266 Ala. 407, 96 So.2d 728 (1957). In Plastone Plastic Company v. Birmingham Fire and Casualty Company, 276 Ala. 657, 165 So.2d 914 (1964), this court said:

"Where the relief sought in equity is to enjoin an action at law, and the matter sought to set up in the equity proceedings could be asserted in the law action, the complainant is deemed to have an adequate remedy at law . . ."

■ Southern argues that the defenses of waiver and estoppel were not available when Mr. Wenndt filed his suit and that Mrs. Wenndt cannot be made a party to his suit; that she would be free to file another action. Southern fails to answer two questions raised by its argument. The pending case of Mr. Wenndt consists of a complaint and a demurrer. If the demurrer were overruled, Southern is not precluded from raising all defenses available to it at this time, including waiver and estoppel. Next, the final order does not affect Mrs. Wenndt in any way, and if she filed another suit, Southern could plead the statute of limitations.

Since there was a suit at law then pending, to which the same persons were parties and in which identical issues may be adjudicated, the declaratory relief was not available. In Foreman v. Smith, 272 Ala. 624, 133 So.2d 497, the court said that,

". . . [T]he rule which prevails generally . . . is that jurisdiction of a declaratory judgment action will not be entertained if there is pending at the time of the declaratory action another action or proceeding to which the same persons are parties, in which are involved and may be adjudicated the same identical issues that are involved in the declaratory action."

Here Southern has available to it all remedies in the suit at law that it asserts in its bill for declaratory judgment.

■ The mere fact that by permitting Mr. Wenndt to prosecute Case No. 22135 "would cause the railroad companies irreparable damages in that they would be caused to expend large sums of money and be harassed, inconvenienced and vexed by defending it" is not sufficient ground for equity to enjoin the suit at law. *Foreman,* supra.

The bill is without equity and it follows that the decree of the trial court is reversed and the cause remanded with directions to dissolve the temporary injunction.

Reversed and remanded with directions.

COLEMAN, BLOODWORTH, McCALL and JONES, JJ., concur.