267 So.2d 448

**Norman K. EVANS**

v.

**ADAM'S RIB, INC., et al.**

**SC 34.**

Supreme Court of Alabama.

Oct. 12, 1972.

Billy L. Church, Pell City, for appellant.

**HARWOOD, Justice.**

Norman K. Evans filed a complaint against Adam's Rib, Inc., a Corporation, Thomas J. McCullough, James W. Baker, David C. Morgan, and Roy Holder, doing business as Adam's Rib, Inc., and also certain fictitious parties.

The complaint was in three counts. Count 1 was for breach of contract, and Counts 2 and 3 sought damages for fraud and deceit practiced by the defendants on the plaintiff in negotiations leading to a written agreement.

The complaint was later amended by striking Adam's Rib, Inc., as a defendant, by striking the phrase "doing business as Adam's Rib" after the names of four individual defendants, and by striking the fictitious defendants. Thus only the four named individuals were left as defendants.

The defendants filed a plea of set-off claiming damages because of deceit practiced by the plaintiff in the negotiations leading up to the agreement, the subject of this suit. No point is raised on this appeal relative to the pleadings, and we pretermit any discussion thereof. No cross appeal was filed.

It appears that the plaintiff operated a barbecue business in Huntsville. He was approached by the defendant Baker in regard to selling his business to a group interested in organizing a "franchise" barbecue selling business. As a result of this preliminary conversation, the plaintiff met twice with the four individual defendants. It was made known to the plaintiff that the four individuals contemplated organizing a corporation for the purpose of issuing franchises to persons to operate barbecue dispensing businesses under the name of "Adam's Rib." The plaintiff's business was to be used as a pilot in organizing the operation.

As a result of the conferences between the plaintiff and the four defendants, a written agreement was entered into between Norman Evans, referred to as the seller, and Adam's Rib, Inc., referred to as the buyer. The agreement was signed by "Norman K. Evans, Seller" and by "Adam's Rib, Inc., by Thomas J. McCullough, President-Buyer."

In fact the plaintiff testified that the written contract was only between himself and Adam's Rib, Inc.

Under the agreement, Adam's Rib, Inc., agreed to buy the plaintiff's business known as "Norman's Pit Barbecue," with the fixtures therein, located in Huntsville, Alabama, for $13,500.00, payable as follows: $3,000.00 upon the signing of the agreement; the buyer to assume the balance due on a note secured by a chattel mortgage on the fixtures in the amount of $5,085.00; the seller to receive 3500 shares of stock in Adam's Rib, Inc., to be issued upon the signing of the agreement; the buyer to execute a note payable to the seller in the amount of $1,915.00, payable in one year from date with interest at 6 percent per annum.

Several documents pertaining to matters arising between the plaintiff and Adam's Rib, Inc., were received in evidence. All are signed only by the plaintiff, and by Adam's Rib, Inc.

The plaintiff did receive the $3,000.00 cash payment upon the execution of the contract; payments were made upon the note secured by the mortgage on the equipment until Adam's Rib, Inc., apparently was unable to make further payments, at which time the holder of the note foreclosed the chattel mortgage and sold the equipment. A deficiency resulted and the plaintiff agreed with the bank to pay this deficiency; the plaintiff did receive 3500 shares of stock in Adam's Rib, Inc.

The note that Adam's Rib, Inc., was to execute in favor of the plaintiff was never executed. The plaintiff himself, however, testified that this note was to be executed within a year. We gather that Adam's Rib, Inc., became defunct sometime prior to the expiration of this period of time.

At the conclusion of the plaintiff's case, the court granted the defendants' motion to exclude the evidence, and entered an order excluding the evidence, dismissing the jury, and concluding the case.

On this appeal the action of the court in excluding the plaintiff's evidence is the only point presented.

As stated in Jack Cole Co. v. Hays, 281 Ala.118, 199 So.2d 659:

"The granting of a motion to exclude the evidence is never proper in this jurisdiction, (Robinson v. Morrison, 272 Ala. 552, 133 So.2d 230), although a trial court will not be put in error in *granting*

such motion, even though procedurally improper, where the plaintiff's evidence does not make out a prima facie case. Stewart v. Peabody, 280 Ala. 5, 189 So. 2d 554, and cases therein cited."

To this same effect see also Tyler v. King, 287 Ala. 162, 249 So.2d 821.

 As before stated, Count 1 was grounded on a contract allegedly made between the plaintiff and the individual defendants. The evidence shows clearly the contract sued on was solely between the plaintiff and Adam's Rib, Inc. Adam's Rib, Inc., was eliminated as a defendant. No valid judgment against the individual defendants could be sustained under Count 1.

Counts 2 and 3 were based upon alleged fraud and deceit practiced upon the plaintiff by the individual defendants inducing the written contract between the plaintiff and Adam's Rib, Inc.

We have carefully considered the evidence presented by the plaintiff. We do not find therein even a scintilla of evidence tending to show any acts by the individual defendants reasonably giving rise to an action for legal fraud.

While Counts 2 and 3 allege that the representations made by the defendants were false and the plaintiff relied thereon, it appears that all of the representations made by the defendants were performed except that the payments on the note secured by the mortgage on the equipment were not made after Adam's Rib, Inc., became defunct, and also the note in the amount of $1,915.00, which Adam's Rib, Inc., was to give to the plaintiff within a year was never delivered. As before stated, Adam's Rib, Inc., was out of business before the expiration of this period of time.

The falsity of any oral representations made by the individual defendants resulted from a failure to fulfill a mere promise, which does not give rise to actionable fraud unless it be alleged and shown that the alleged oral agreements were made with intent to deceive and with no intent at the time the representations were made to carry them out. Nelson Realty Co. v. Darling Shop of Birmingham, Inc., 267 Ala. 301, 101 So.2d 78; Nelson v. Darling Shop of Birmingham, Inc., 275 Ala. 598, 157 So.2d 23. No such allegations were made in Counts 2 and 3, nor was there evidence tending to show an intent not to carry out the representations at the time they were made.

Thus the plaintiff has failed to make out a prima facie case under any of the counts in his complaint and the order here appealed from is due to be affirmed.

Affirmed.

HEFLIN, C. J., and MERRILL, MADDOX and SOMERVILLE, JJ., concur.