Fate TERRY; et al, Plaintiffs,

v.

NORTHROP WORLDWIDE AIRCRAFT SERVICES, INC., Defendant.

Civ. A. No. 79–60–S.

United States District Court,
M.D. Alabama, S.D.

Jan. 11, 1980.
On Motion for Summary Judgment
Nov. 21, 1984.

John Carroll, Mercer University, Walter F. George School of Law, Macon, Ga., for plaintiffs.

Zachary D. Fasman, Crowell & Moring, Washington, D.C., for defendant.

## MEMORANDUM OPINION

VARNER, District Judge.

This cause is submitted on the Defendant's motion for summary judgment filed herein September 14, 1979. Submitted along with the motion are the pleadings, affidavits, exhibits and written briefs on file with this Court. Jurisdiction is alleged pursuant to 28 U.S.C. § 1332 based on diversity of citizenship. Upon consideration of said motion and after construing the evidence against the Defendant, this Court finds that, with respect to Counts I and II of Plaintiffs' claims, there remains no material issue of fact, and the Defendant is entitled to judgment in its favor as a matter of law for the reasons stated in Part I of this Memorandum Opinion. With respect to Count III of the complaint, this Court shall stay further proceedings in this Court until conclusion of currently pending administrative proceedings involving many of the same issues. The reasons for this Court's decision to stay proceedings on Count III are set out in Part II of this Memorandum Opinion.

## FINDINGS OF FACT

The pleadings, affidavits and exhibits filed herein, when viewed most favorably for the Plaintiffs, disclose the following uncontradicted material facts:

1. Plaintiffs are citizens of the State of Alabama. Defendant is a corporation organized under the laws of the State of Oklahoma, with its principal place of business in Oklahoma. The amount in controversy exceeds $10,000.00, exclusive of interest and costs.

2. Prior to August, 1978, Defendant had been awarded a government contract to perform work at Ft. Rucker in the Middle District of Alabama. Ft. Rucker is a United States Government installation. In August, 1978, representatives of the Federal Aviation Administration (FAA) met with the Defendant in connection with a review of the Defendant's compliance with Executive Order 11246, which requires government contractors to establish programs to eliminate employment discrimination. During meetings between representatives of the FAA and the Defendant, alleged violations of Executive Order 11246 were discussed. Representatives of the FAA proposed that eight employees of the Defendant—the eight Plaintiffs in this cause—should be accorded special remedies because of the alleged violations of Executive Order 11246. The Defendant denied that violations of Executive Order 11246 occurred and that Plaintiffs were entitled to the proposed remedies.

3. Nevertheless, on August 31, 1978, an agreement between the representatives of the FAA and the Defendant was entered into which incorporated specific reference to all the Plaintiffs and set out specific remedies to be accorded each Plaintiff. The Defendant contends that retention of its government contract at Ft. Rucker was contingent on a satisfactory conclusion of the FAA contract compliance review. The Plaintiffs have not contested that contention.

4. The Defendant did not communicate directly with any of the Plaintiffs during the compliance review. The Defendant did not represent to any of the Plaintiffs that the alleged employment discrimination claims sought to be remedied in the conciliation agreement were settled and/or that the Plaintiffs would be provided relief in the form of promotions, recalls to employment and monetary compensation. However, the Defendant did not disclose to any of the Plaintiffs or to the FAA that it intended to seek review of the compliance agreement before the Office of Federal Contract Compliance Programs of the Department of Labor (OFCCP).

5. Title 41, Chapter 60–1.24(c)(4), CODE OF FEDERAL REGULATIONS, states:

"When a prime contractor or subcontractor, without a hearing, shall have complied with the recommendations or orders of the Director and believes such recommendations or orders to be erroneous, he shall, upon filing a request therefor within ten days of such compliance, be afforded an opportunity for a hearing and review of the alleged erroneous action."

6. On September 8, 1978, the Defendant filed with the OFCCP a request for a hearing and review of the conciliation agreement. On September 19, 1978, the Defendant received a letter from the OFCCP advising the Defendant that the Defendant would not be required to implement the conciliation agreement until the OFCCP review was completed. The OFCCP review has not been completed. The conciliation agreement has not been implemented with respect to the Plaintiffs.

7. The Defendant has never been served or shown employment discrimination claims made by the Plaintiffs either before, during or after the pre-award compliance review. The Plaintiffs have filed no employment discrimination claims with the Equal Employment Opportunity Commission.

8. All the Plaintiffs, except Mr. Truett, are presently employed by the Defendant. Plaintiff Truett refused recall from layoff.

## CONCLUSIONS OF LAW

Plaintiffs state three claims for relief in their complaint. In Count I, Plaintiffs al-

lege that the Defendant on August 31, 1979, willfully misrepresented to the Plaintiffs that employment discrimination claims made by the Plaintiffs were settled and that the Plaintiffs would be provided appropriate remedies in the form of promotions, recalls to employment and monetary compensation. In Count II, the Plaintiffs allege that the Defendant failed to disclose the fact that the Defendant intended to seek review of the conciliation agreement and that such failure to disclose constituted the suppression of a material fact which the Defendant had a duty to disclose to the Plaintiffs. In Count III, the Plaintiffs allege that they are third-party beneficiaries of the conciliation agreement and that the Defendant has breached said agreement. This Court has jurisdiction pursuant to 28 U.S.C. § 1332.

## I.

As to Counts I and II, the Plaintiffs rely on two Alabama statutes. Count I attempts to state a claim under § 6–5–101, CODE OF ALABAMA (1975), which provides:

"Misrepresentations of a material fact made willfully to deceive, or recklessly without knowledge, and acted on by the opposite party, or if made by mistake and innocently and acted on by the opposite party, constitute legal fraud."

The undisputed facts negate application of the above statute. In his affidavit, Plaintiff, Fate Terry, states:

"At no time did Defendant Northrop ever disclose to any plaintiff that it did not consider our contractual agreement final and finding on all parties."

In an affidavit submitted on behalf of the Defendant, Shirley W. Skipper states:

"insofar as this affiant has been able to ascertain, no Northrop representative communicated with the plaintiffs about the pre-award compliance review or the conciliation agreement or the contents thereof."

By its terms, § 6–5–101 requires a "misrepresentation of a material fact". Such a misrepresentation must be made to be re-

lied upon. *Standard Oil Co. v. Johnson,* 276 Ala. 578, 165 So.2d 361, 364 (1964). Apparently, the Plaintiffs contend that the signing of the conciliation agreement itself with the undisclosed intention to seek review of said conciliation agreement constitutes the making of a misrepresentation. However, this Court notes that the conciliation agreement itself nowhere states that it is not reviewable or that either party considered it to be a final settlement of all claims. If Defendant was under pressure to enter into the agreement in order to maintain a government contract at Ft. Rucker, and the Plaintiffs do not contend otherwise, it may be reasonably assumed that the Defendant did intend to seek review of the conciliation agreement when the Defendant executed the same. The question then becomes whether such action can constitute a material misrepresentation in the absence of a written or oral statement by the Defendant that the Defendant would not seek review of the conciliation agreement.

This Court is of the opinion that the answer to said question can be most easily arrived at by assuming that the Defendant did expressly state that it did not intend to seek review of the conciliation agreement. Even in such a case, the Defendant could probably later seek review without having misrepresented a material fact because the words "material fact" have been interpreted to mean a material fact *then existing.* *Birmingham Broadcasting Co. v. Bell,* 259 Ala. 656, 68 So.2d 314, 321 (1953). A statement regarding an event to take place in the future cannot ordinarily form the basis upon which to predicate a charge of fraud due to the uncertainty of predicting future events and the substantial possibility that the circumstances surrounding the original statement could change due to no fault of either party to the communication. Normally, such breaches of promises regarding future events are remedied through traditional contract concepts. See, *Ringer v. The First National Bank of Stevenson,* 291 Ala. 364, 281 So.2d 261

(1973); *Evans v. Adam's Rib, Inc.*, 289 Ala. 377, 267 So.2d 448 (1972).

■ Even if an express promise not to take advantage of an existing right to seek review of the conciliation agreement would have constituted the making of a material misrepresentation, this Court is of the opinion that the mere signing of said conciliation agreement by itself does not constitute a material misrepresentation of an existing fact. Furthermore, this Court does not believe that the Plaintiffs could justifiably rely upon the Defendant's forbearance to seek review of the conciliation agreement when review is provided for and the Defendant made no oral or written representation that it did not intend to seek such review. Therefore, Plaintiffs' claims under § 6–5–101 in Count I of the complaint are insufficient as a matter of law.

With regard to Count II, the Plaintiffs rely upon § 6–5–102, CODE OF ALABAMA (1975), which provides:

> "Suppression of a material fact which the party is under an obligation to communicate constitutes fraud. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case."

Although not pleaded nor brought out in affidavits, this Court, to eliminate the possible materiality of unpleaded facts, will assume that, had the Plaintiffs known the Defendant would seek review of the conciliation agreement, they would have been able to file a charge with the Equal Employment Opportunity Commission. If such were the case, then, arguably, the Defendant's concealment of its intention to seek review could be considered a concealment intended to create a false impression that would induce the Plaintiffs to forbear from taking action, i.e., a concealment of a material fact.

■ Even assuming the concealment of a material fact, the language of § 6–5–102 requires that the Defendant must have had a duty to disclose said fact to the Plaintiffs in order to constitute fraud. This Court is of the opinion that the Defendant did not have a duty to disclose its intention to seek review of the conciliation agreement as a matter of law. Neither have Plaintiffs stated facts nor have they cited any authority which would show that, under the circumstances of this cause, the Defendant had a duty to inform the Plaintiffs that it intended to exercise its right to seek review of the conciliation agreement. See, *Williams v. Bedenbaugh*, 215 Ala. 200, 110 So. 286, 288 (1926). As the facts appear to the Court, the Plaintiffs were in an adversary position with respect to the Defendant in that they were apparently considering filing discrimination claims against the Defendant. It is axiomatic that no confidential or fiduciary relationship exists between adversaries. *Tonsmeire v. Tonsmeire*, 285 Ala. 454, 233 So.2d 465, 467 (1970); *Collier v. Brown*, 285 Ala. 40, 228 So.2d 800 (1969); *Western Grain Co. Case*, 264 Ala. 145, 85 So.2d 395 (1956). Therefore, the Plaintiffs' claims under § 6–5–102 in Count II of the complaint are also insufficient as a matter of law.

## II.

In Count III of the complaint, the Plaintiffs allege breach of the conciliation agreement. The Defendant contends that Count III is insufficient as a matter of law for two reasons. First, Defendant contends that, because administrative review of the conciliation agreement is not complete, this Court should not proceed in construing the agreement. Second, Defendant contends that Plaintiffs have no standing to bring a civil action to enforce the provisions of the conciliation agreement. Since this Court agrees, to some extent, with the Defendant's first contention, it will not reach the second at this time.

This Court is of the opinion that Plaintiffs' claims under Count III of the complaint fall within the ambit of the "Primary Jurisdiction Doctrine". The United States Court of Appeals for the Tenth Circuit recently explained the doctrine, saying that it:

"(P)rovides that where the law vests in an administrative agency the power to decide a controversy or treat an issue, the courts will refrain from entertaining the case until the agency has fulfilled its statutory obligation. See *California v. Federal Power Commission,* 369 U.S. 482 [82 S.Ct. 901, 8 L.Ed.2d 54] (1962). When a federal court is presented with a case within its jurisdiction but which involves an issue within the competence of an administrative body in an independent proceeding, comity and avoidance of conflict as well as perhaps other considerations suggest propriety in referring the issue. See *Montana-Dakota Utilities Co. v. Northwestern Public Service Co.,* 341 U.S. 246 [71 S.Ct. 692, 95 L.Ed. 912] (1951)." *Sunflower Electric Coop v. Kansas Power & Light Co.,* 603 F.2d 791, 795 (10th Cir.1979).

The doctrine is distinct from the exhaustion of administrative remedies requirement. See, *United States v. Western Pacific Railroad,* 352 U.S. 59, 77 S.Ct. 161, 1 L.Ed.2d 126 (1956).

■ When considering whether to apply the doctrine, it has been held that a federal court should consider whether invoking the doctrine would promote the interest of "uniform and expert administration of the regulatory scheme". *United States v. Western Pacific Railroad,* supra, at 65, 77 S.Ct. at 165. This Court is of the opinion that the question of whether the Defendant has breached the conciliation agreement is subject to the expert administration of the OFCCP and that Plaintiffs' claims with respect to said agreement will be determined, to a large extent, by a decision by the OFCCP on the validity of the agreement itself. To the extent that the Plaintiffs would be without a remedy, this Court would still be available to hear claims with regard to damages incurred due to the delay caused by the review. This Court cannot find that Plaintiffs will suffer irreparable injury in delaying review of their contract claims until after a ruling by the OFCCP. This Court would note that all but one of the Plaintiffs are currently employed by the Defendant and that any monetary damages could be assessed in this cause, including damages caused by the delay. Accordingly, this Court is of the opinion that the Plaintiffs' claims with regard to Count III of their complaint should be stayed until a final determination by the OFCCP on the merits of the Defendant's objections to the conciliation agreement.

An Order will be entered in accordance with this Memorandum Opinion.

### ON MOTION FOR SUMMARY JUDGMENT

On June 26, 1979, Plaintiffs, employees of Defendant Northrop, filed suit in this Court alleging in three separate counts willful misrepresentation, failure to disclose and breach of contract. On January 11, 1980, this Court granted the Defendant's motion for summary judgment as to claims relating to the fraudulent misrepresentation allegations but denied the motion for summary judgment concerning Plaintiffs' breach of contract claim. In addition thereto, this Court stayed further action on the contract claim pending the resolution of an administrative appeal filed by Defendant Northrop with the Department of Labor. This Court has permitted over four years to elapse in an attempt to allow the administrative appeal to be resolved. The appeal, to this Court's knowledge, is currently pending in the administrative appeal process.

This cause is now before the Court on Defendant's motion for summary judgment filed herein July 30, 1984, to Count III of the Plaintiffs' complaint. In its motion for summary judgment, the Defendant contends the Plaintiffs have no private right of action to enforce an executive agreement or a right as third-party beneficiaries to enforce the agreement. In addition, the relief sought would result in an impermissible infringement of the seniority rights of other employees under a bona fide seniority system existing under a valid collective bargaining agreement. Defendant Northrop also asserts the nonexistence of a contract.

The facts of this case were copiously set forth in this Court's Memorandum Opinion

entered on January 11, 1980. Therefore, this Court will not reiterate the facts. The primary issue in this case is legal, but there appears to be a possibly material issue of fact.

The major issue to be dealt with in this case is whether the conciliation agreement should be construed with or without reference to Executive Order 11246. Defendant takes the position that it was coerced to enter the agreement because it was ineligible for a substantial Government contract absent its agreement. Defendant's secret predetermination not to comply with an agreement it entered because of questionable Government policy is no defense to suit on the contract. Third-Party beneficiaries of the contract are entitled to rely on the same and sue for breach thereof. Defendant's fraudulent intent not to keep its promise is no defense thereto. In this Court's opinion, the conciliation agreement should be construed without reference to Executive Order 11246. The Court reaches this conclusion based upon *United States v. ITT Baking Co.*, 420 U.S. 223, 236–237, 95 S.Ct. 926, 934–935, 43 L.Ed.2d 148 (1975), which basically held that consent decrees and orders have attributes of ordinary contracts and should be construed as contracts without reference to the underlying legislation which served as the catalyst to produce the separate agreement.

The Court must agree with Defendant that Plaintiffs are not entitled to enforce an executive order by private action; however, under Alabama law, the Plaintiffs are entitled to enforce a valid agreement entered on the Plaintiffs' behalf as third-party beneficiaries. In *Farkas v. Texas Instrument*, 375 F.2d 629 (5th Cir.1967) [the main case relied on by the Defendant], the plaintiff was attempting to enforce the anti-discrimination provision of an executive order as a third-party beneficiary. The Plaintiffs in the case at bar are attempting to enforce an agreement as third-party beneficiaries which was entered as a result of the requirements of the Executive Order. Therefore, the reliance of the Defendant on *Farkas* and other cases of this nature is inappropriate.

The agreement entered between Defendant and the FAA was the result of an investigation which revealed discrimination against the Plaintiffs, black employees of Defendant Northrop. In order to retain its government contract, Defendant voluntarily agreed to remedy the racial discrimination. It is clear to this Court from the facts that the Plaintiffs are entitled to enforce the agreement of August, 1978, as third-party beneficiaries because the agreement was entered for the benefit of the Plaintiffs, and, in addition, the agreement was cloaked with the intent to directly benefit the Plaintiffs. *Harris v. Board of Water & Sewer Commissioners of the City of Mobile*, 320 So.2d 624, 294 Ala. 606 (1975).

Defendant, in its reply brief filed herein October 10, 1984, insists that Plaintiffs do not have an enforceable claim as third-party beneficiaries because there is no contract to enforce. The Defendant claims no agreement has ever been reached because the forms prepared to effectuate the conciliation agreement were left blank and were subject, at a later date, to further negotiations. At this point, this Court construes the Plaintiffs' position is that there was a contract. This posture of the case seems to indicate that a material issue of fact still exists. Therefore, summary judgment at this time is inappropriate.

Upon consideration of the briefs, pleadings and affidavits submitted in support of and in opposition to Defendant's motion for summary judgment, and construing the evidence against the movant, it is the opinion of this Court that a genuine issue of material fact does exist and that Defendant is not entitled to summary judgment as a matter of law.

Accordingly, it is ORDERED by this Court that Defendant's motion for summary judgment filed herein July 30, 1984, is hereby denied.