In this case, the plaintiffs sought injunctive relief to enforce two covenants not to compete in the convenience store business. The case was presented to the court ore tenus, and the court granted the injunction against Jack F. Mullis, Jr., who had signed sales agreements containing the covenants, but denied the relief against Jonnie Lee Mullis, who had not signed the agreements. The plaintiffs appeal from the denial of the injunction as to Jonnie Lee Mullis. There is no cross appeal by Jack Mullis. We affirm.
William Evans Russell, a licensed real estate agent familiar with real estate contracts, owned a convenience store in the Gulf Shores area, and entered into separate contracts with Jack Mullis for the purchase of his two convenience store businesses, "Easy D" # 1 and "Easy D" # 2 located on Highway 59 South in Gulf Shores and Highway 98 in Foley, respectively. The businesses were owned solely by Jack Mullis, but the real estate upon which the businesses were operated was owned jointly by Jack Mullis and his wife, Jonnie Mullis. Jack Mullis signed the two sales contracts; however, his wife did not. Each of the sales contracts contained the following provision: "Seller will not compete for 10 years and within 10 miles of store."
Subsequently, two deeds were executed by the Mullises, who used a portion of the money received from the sale to purchase property within eight miles of the two stores they had sold to the plaintiffs. The property was purchased in both Jack and Jonnie Mullis's names. Jonnie Mullis used a portion of the money received from the sale to erect a building in which she now operates a convenience store, under the name "Dixieland." She used some of the proceeds from the sale to purchase her beginning inventory for "Dixieland." Jack Mullis did oversee the building of the store, ostensibly to make certain that the construction did not adversely affect a part of the property on which he plans to erect a recreational vehicle park.
Section 8-1-1, Code of Alabama, 1975, provides in pertinent part as follows:
 "(a) Every contract by which anyone is restrained from exercising a lawful profession, trade or business of any kind otherwise than is provided by this section is to that extent void.
 "(b) One who sells the good will of a business may agree with the buyer . . . to refrain from carrying on or engaging in a similar business . . . within a specified county, city or part thereof so long as the buyer, or any person deriving title to the good will from him, . . . carries on a like business therein." *Page 729 
The contracts involved in this case do not use the word "good will." However, in order for a covenant not to compete to be valid when executed in connection with the sale of a business, it is not necessary that the contract of sale specifically state that the transaction includes a sale of the good will.Files v. Schaible, 445 So.2d 257 (Ala. 1984). Maddox v. Fuller,233 Ala. 662, 173 So. 12 (1937). The contracts do state that the plaintiffs purchased the exclusive rights and privileges to operate under the existing name "Easy D" and each contract contained a covenant not to compete. Under these circumstances, a sale of the good will was clearly implied.
Jonnie Mullis was not a party to either contract. "`A person who has not executed or signed the contract or covenant is not bound by the stipulation against engaging in business, and he may not be enjoined from competing with the covenantee. He may, however, be restrained from engaging in the business in partnership with, or as an employee of, the covenantor or seller.'" Yost v. Patrick, 245 Ala. 275, 280, 17 So.2d 240, 244
(1944). In the case of Daughtry v. Capital Gas Company,285 Ala. 89, 229 So.2d 480 (1969), this court quoted with approval the following excerpt from the annotation at 94 A.L.R. 345 (1935):
 "`The majority, and the better considered, of the cases, support the proposition that one who is in no sense a party to a covenant not to engage in a competing business cannot properly be enjoined from engaging in such business.
 "`A stranger to the covenant may, however, properly be enjoined from aiding the covenantor in violating his covenant or receiving any benefit therefrom. So, a stranger to the covenant may well be enjoined from, in conjunction with the covenantor, or with his assistance, conducting a business in competition with the covenantee. * * *'"
The plaintiffs contend that Jonnie Mullis has been aiding her husband in violating the covenants and, therefore, should be enjoined. We disagree.
The trial court, in the present case, heard the witnesses, considered the evidence, and found that Jonnie Mullis should not be enjoined from operating her store, Dixieland. Where a trial court has heard ore tenus testimony, its judgment or decree based upon that testimony is presumed correct and will be reversed only if, after consideration of the evidence and all reasonable inferences to be drawn therefrom, the judgment or decree is found to be plainly and palpably wrong. Thompsonv. Hartford Accident and Indemnity Co., 460 So.2d 1264 (Ala. 1984). Ross v. Luton, 456 So.2d 249 (Ala. 1984). There is substantial evidence to show that Dixieland is owned and operated solely by Jonnie Mullis. All of the licenses were issued in her name. She made the arrangements to borrow the additional money necessary to establish the business, and there was no co-signer on her loan. She negotiated with the companies from whom she purchased products. Her husband had not purchased goods for the store, nor had he aided his wife in keeping up with the inventory, or in marketing, or otherwise by working as an employee.
This case is clearly distinguishable from the Daughtry case, supra, wherein a supplier of liquid petroleum was enjoined from selling wholesale products to, and from employing as a salesman, one who was violating a covenant not to compete. Here, there is no evidence that Jonnie Mullis has employed her husband to work in the convenience store. Also distinguishable is the case of Files v. Schaible, supra, in which there was evidence that Files, who had entered into an agreement with Schaible not to compete in the restaurant business, told a number of people prior to opening a competing restaurant (the "Ellis V") that he had managed to find a way to get around the noncompetition agreement. The chef at the Ellis V testified that he was instructed by Files to take orders from no one except Files. Files owned all of the restaurant equipment used at the Ellis V, and he negotiated for the purchase of the building in which the Ellis V was to be *Page 730 
located. Hunt, in whose name the Ellis V was operated, actually had been employed by Files as a waitress, and the evidence showed that Files managed the restaurant without her help. In that case, this Court held: "The transcript is full of evidence that Files had complete control and ownership of Ellis V and that Hunt was merely a front for Files in order to avoid the non-competition clause in his agreement with Schaible." In this case, there is no evidence that Jonnie Mullis is a front for Jack Mullis.
The plaintiffs also contend that the contracts which they entered into with Jack Mullis were also for the benefit of his wife. They argue that, even though she did not sign the contracts, she received a portion of the sales proceeds pursuant thereto and that she must assume the burden of the non-competition covenants contained therein. Again, we disagree. Under the doctrine of "merger," ordinarily, in the absence of fraud or mistake, when a contract to sell and convey real estate has been consummated by the execution and delivery of a deed, as in this case, the preliminary contract becomes functus officio, and the deed becomes a sole memorial of the agreement, and upon it the rights of the parties rest; but the doctrine may be inapplicable to cases in which stipulations of the preliminary contract, instead of becoming merged in the deed, are incorporated therein and thus survive to confer independent causes of action, and in such instances the intentions of the parties is of paramount importance.Alger-Sullivan Lumber Co. v. Union Trust Co., 207 Ala. 138,92 So. 254 (1922); Roberts v. Peoples Bank and Trust Co.,410 So.2d 393 (Ala. 1982).
The record on appeal does not contain the deeds that were executed by the Mullises;[1] therefore, we are unable to determine whether any references were made therein to the sales contracts. However, because the requested injunctive relief was denied, it is presumed that the trial court, upon examination, found that there were no such references. Aetna Insurance Co.v. Spring Lake, Inc., 350 So.2d 397 (Ala. 1977). As a joint owner of the real estate sold, Jonnie Mullis was entitled to receive a portion of the sale proceeds.
Therefore, the judgment of the trial court is affirmed. AFFIRMED.
TORBERT, C.J., and FAULKNER, ALMON and BEATTY, JJ., concur.
[1] Prior to this Court's receipt of the record, these exhibits were apparently misplaced. Our attempt to locate them proved unsuccessful.