786 F.2d 1558
 40 Fair Empl.Prac.Cas. 985,
40 Empl. Prac. Dec. P 36,298, 54 USLW 2564
 Fate TERRY, Joe E. Truett, William A. Doster, Richard C.
Terry, Cephus Borders, J.D. Snow, Leamon Moore,
and Henry Ben Diggs, Plaintiffs-Appellees,
v.
NORTHRUP WORLDWIDE AIRCRAFT SERVICES, INC., Defendant-Appellant.
 No. 85-7160.
 United States Court of Appeals,
Eleventh Circuit.
 April 22, 1986.
 
 Zachary D. Fasman, Crowell & Moring, Washington, D.C., R. Lawrence Ashe, Jr., Paul, Hastings, Janofsky & Walker, Atlanta, Ga., for defendant-appellant.
 Sandra Lord, Atty., U.S. Dept. of Labor, SOL/SASCL Div., Washington, D.C., Allen H. Feldman, Counsel for Appellate Litigation, for amicus curiae, Dept. of Labor.
 John Carroll, Associate Professor of Law, Walter F. George School of Law, Mercer University, Macon, Ga., for plaintiffs-appellees.
 Appeal from the United States District Court for the Middle District of Alabama.
 Before HILL and FAY, Circuit Judges, and TUTTLE, Senior Circuit Judge.
 HILL, Circuit Judge:
 
 
 1
 Northrup Worldwide Aircraft Services, Inc. ("Northrup") provided military aircraft and helicopter maintenance and support services at Fort Rucker, Alabama, pursuant to a defense contract. As part of the contract renewal process, Federal Aviation Administration ("FAA") investigators conducted a pre-award compliance review in July and August, 1978, to determine whether Northrup was in compliance with its equal opportunity employer commitments under Executive Order 11246.[1] The FAA investigators concluded that Northrup had violated Executive Order 11246 in several respects, particularly that Northrup maintained an illegal seniority system. Northrup disputed these findings, arguing that its seniority system was judicially approved and that it had not discriminated against the eight individuals identified as victims of discrimination. Nevertheless, the FAA investigators insisted that Northrup execute a conciliation agreement which provided remedial seniority, promotion and back-pay to these eight employees. Northrup executed the conciliation agreement on August 31, 1978, with the intention of immediately contesting the agreement pursuant to 41 C.F.R. Sec. 60-1.24(c)(4).[2] On September 8, 1978, Northrup filed a request for review and hearing and, on September 10, 1978, requested that the Office of Federal Contract Compliance Programs ("OFCCP") delay implementation of the contested agreement. On September 19, 1978, the OFCCP agreed to delay implementation pending its review of the case.
 
 
 2
 Plaintiffs, the eight named individuals named in the conciliation agreement, filed a diversity suit in district court on June 26, 1979, alleging that Northrup had engaged in fraudulent misrepresentation and claiming that they were third-party beneficiaries of the conciliation agreement and thus entitled to enforce the agreement under Alabama law. The district court dismissed the fraudulent misrepresentation claim on January 11, 1980, and stayed the contract claim pending resolution of the OFCCP review. After four years, while the OFCCP review was still pending, the district court dissolved its stay. On November 21, 1984, the district court denied Northrup's motion for summary judgment, 628 F.Supp. 212, holding that it had jurisdiction over the third-party beneficiary claim and that it was entitled to construe the conciliation agreement as a contract under state law without reference to Executive Order 11246. Moreover, the district court precluded discovery as to whether plaintiffs were actually victims of racial discrimination. The district court concluded that these facts would be irrelevant because "A contracting party who reaps the rewards of a contract with no intention to perform may not escape the results of his fraud by claiming after the fact that his agreement was the result of duress." (R1-221,222).
 
 
 3
 Northrup filed a motion for reconsideration, claiming that the action was preempted by federal remedies, and asked the district court, in the alternative, to certify the jurisdictional issue for immediate appeal. The district court denied the motion for reconsideration but certified the jurisdictional issue and stayed all pending proceedings. This court granted permission to appeal pursuant to 28 U.S.C. Sec. 1292(b) (1982 and Pub.L. 98-620 Sec. 412, 98 Stat. 3362 (1984)).
 
 
 4
 Subsequent to oral arguments in this case, after seven years and conflicting interim instructions, the OFCCP concluded its review. In a decision based on specific findings as to each of the eight named individuals, the OFCCP issued a determination of "no violation" and closed its case.
 
 DISCUSSION
 
 5
 The jurisdictional issue in this case is controlled by Eatmon v. Bristol Steel & Iron Works, Inc., 769 F.2d 1503 (11th Cir.1985), which was decided after this appeal was filed. In Eatmon, we held that federal courts have subject matter jurisdiction over the third-party beneficiary claims of individuals named in conciliation agreements entered into pursuant to Executive Order 11246. Id. at 1508, 1514. The basis of federal jurisdiction in these actions is 28 U.S.C. Sec. 1331 (1982):
 
 
 6
 Federal law controls since the executive order conciliation agreement was entered into pursuant to authority conferred by federal statute and the rights of the parties to the agreement derive essentially from a federal source....
 
 
 7
 ....
 
 
 8
 Since federal law controls the enforcement and construction of executive order conciliation agreements, resolution of appellees' cause of action, based on their status as third-party beneficiaries of the agreement, will require interpretation and application of federal law. Thus, even though the right and the remedy of appellees' cause of action are created by state law, their cause of action, nonetheless, "arise[s] under federal law" for purposes of section 1331.
 
 
 9
 Id. at 1516-17. Therefore, the district court erred in concluding that it was entitled to construe the conciliation agreement under Alabama law, without regard to its validity under federal law.
 
 
 10
 Eatmon does not completely resolve the jurisdictional issue because, unlike the present case, the conciliation agreement in Eatmon was not awaiting OFCCP review. Jurisdiction is conditioned on whether this conciliation agreement was enforceable under federal law when the plaintiffs filed suit. In this case, the court need not inquire into the validity of the agreement's provisions under Executive Order 11246, but merely whether the agreement was an enforceable contract while it was subject to the OFCCP review process. The regulations promulgated under Executive Order 11246 provide a procedural mechanism whereby employers may challenge a compliance agency's orders or recommendations. Northrup availed itself of this procedure. Although 24 C.F.R. Sec. 60-1.24(c)(4) requires advance compliance, rather than a mere promise to comply, the OFCCP permitted Northrup to delay implementation of the conciliation agreement pending review. In so doing, the OFCCP temporarily suspended its right to enforce the conciliation agreement. Thus, when plaintiffs instituted this action, there was no enforceable contract because the conciliation agreement was stayed pending OFCCP review. Since the OFCCP, which was charged with enforcing the agreement for plaintiffs' benefit, could not enforce that agreement unless it withdrew its permission to delay implementation, plaintiffs likewise could not enforce the conciliation agreement as third-party beneficiaries. Cf. Restatement (Second) of Contracts Sec. 309 (1979). Once the OFCCP issued its final determination in favor of Northrup, the conciliation agreement ceased to exist. There is now no contract on which to base a third-party beneficiary claim and the plaintiffs' action must be dismissed.
 
 
 11
 We therefore VACATE and REMAND to the district court for further proceedings not inconsistent with this opinion.
 
 
 
 [1]
 Exec. Order 11246, 30 Fed.Reg. 12319 (1965), as amended, prohibits federal contractors from discriminating on the basis of race, color, religion, sex or national origin
 
 
 [2]
 When a prime contractor or subcontractor, without a hearing, shall have complied with the recommendations or orders of the Director and believes such recommendations or orders to be erroneous, he shall, upon filing a request therefor within ten days of such compliance, be afforded an opportunity for a hearing and review of the alleged erroneous action
 
 
 [41]
 C.F.R. Sec. 60-1.24(c)(4) (1985)