SHORES, Justice.
This is an appeal by James E. and Sharon H. Eubanks from a judgment in favor of Pine Plaza Joint Venture, an Alabama general partnership, and J. Gaines Betbeze. The Eubankses brought suit for breach of contract against Pine Plaza Joint Venture (hereinafter referred to as “seller”), J. Gaines Betbeze, and Joseph G. Betbeze, Jr. The trial court entered a summary judgment for Joseph G. Betbeze, Jr., on the grounds that he was not a party to the contract.
The suit concerned a parcel of land that the Eubankses bought from the seller. Gaines Betbeze is the seller’s managing and general partner. The Eubankses had *221 purchased the parcel in order to build an insurance office in a shopping center owned by the seller. The Eubankses claim that they were granted an easement for parking in an area adjacent to the parcel. The seller argued, and the trial court agreed after a bench trial, that no easement for parking had been granted.
The Eubankses made an initial offer to purchase the land on January 27, 1983. That offer provided for an easement for ingress and egress over an unpaved area between the southwestern boundary of the parcel and an asphalt entrance into the shopping center. At some point between January 27 and March 7, 1983, the seller made a counteroffer, by inserting into the offer to purchase certain language making the easement for ingress and egress nonexclusive. Then, pursuant to provisions in the original offer, a survey of the parcel was done on March 7, 1983, which revealed that an adjoining landowner, Joe Green, had built a greenhouse that encroached upon the parcel that the Eubankses wanted to buy. As a result, the seller agreed to sell, and the Eubankses to buy, a parcel further south than that parcel originally described, allowing the defendants to sell to Green the property his building encroached upon.
After the survey was completed, additional language was added to the original offer to purchase. This new language provided that the closing on the Eubankses’ parcel would be simultaneous with the closing on Green’s parcel. The language added earlier providing for a nonexclusive easement for ingress and egress was not deleted. However, the deed given to the Eu-bankses at closing on March 25, 1983, did not include a nonexclusive easement for ingress and egress. The offer to purchase also provided for a sewer easement, which was granted in a separate document supplied at closing.
After the purchase, the Eubankses built a steel building on the parcel, established an insurance office on the southeastern front of the building, and rented the back of the building. They paved the area between the southwestern side of the building and the driveway into the shopping center. After the Eubankses agreed to buy a parcel further south to accommodate Mr. Green, the only amount left of the easement area was a strip of land approximately 6.7 feet in width. The Eubankses painted angled parking stripes on this paved area. These stripes extended onto the driveway into the shopping center. The defendants allowed the Eubankses’ tenant and customers to park in the spaces created by the stripes as long as the parking did not obstruct the driveway. The entrances to the Eubankses’ office and their tenant's office and a cargo door to their tenant’s warehouse were all on the southwestern side of the building, facing this parking area. The Eubankses later also paved an area for parking on the southeastern front of the building. The Eubankses claim that this second area alone would not provide sufficient parking for the building and claim that if there is no access on the southwestern side of the building they would not be able to continue to rent their tenant space.
On March 1, 1984, the sellers sold the shopping center to Gus Vergos. Mr. Ver-gos subsequently informed Mr. Eubanks that he did not have an easement on the southwestern side of the building and that he could no longer use that parking area.
This Court has written:
“Under the doctrine of ‘merger,’ ordinarily, in the absence of fraud or mistake, when a contract to sell and convey real estate has been consummated by the execution and delivery of a deed, as in this case, the preliminary contract becomes functus officio, and the deed becomes a sole memorial of the agreement, and upon it the rights of the parties rest; but the doctrine may be inapplicable to cases in which stipulations of the preliminary contract, instead of becoming merged in the deed, are incorporated therein and thus survive to confer independent causes of action, and in such instances the intention of the parties is of paramount importance.”
Russell v. Mullis, 479 So.2d 727, 730 (Ala.1985) (citing Alger-Sullivan Lumber Co. *222 v. Union Trust Co., 207 Ala. 138, 92 So. 254 (1922); Roberts v. Peoples Bank & Trust Co., 410 So.2d 393 (Ala.1982)).
The trial court, in an ore tenus hearing, found that the doctrine of merger applied and that an easement had not been granted at the closing because the new description of the property to be sold to the Eubankses encompassed most of the land in the proposed easement. The trial court’s judgment, based on ore tenus testimony, is accorded a presumption of correctness and will be reversed only if plainly and palpably wrong. Russell v. Mullis, 479 So.2d 727 (Ala.1985).
There was disputed evidence as to whether the originally proposed easement for ingress and egress even included the right to park in the area in question, but the record supports the finding that no easement for entering, exiting, or parking was granted at the closing due to the redescription of the land being sold.
The plaintiffs claim that the “mistake” exception to the doctrine of merger applies. There was no mutual mistake; the record shows that the defendants did not intend to grant the easement after the redescription of the property. Furthermore, any mistake on the part of the Eu-bankses will be attributed to their own negligence in not reading the documents given to them at closing. Colburn v. Mid-State Homes, Inc., 289 Ala. 255, 266 So.2d 865 (1972).
The judgment is therefore affirmed.
AFFIRMED.
HORNSBY, C.J., and JONES, HOUSTON and KENNEDY, JJ„ concur.