The plaintiffs, Steve, Norman, and Howard Weller, owners of Solomon's, a sandwich shop in Tuscaloosa, Alabama, appeal from a summary judgment in favor of Riverchase Center Associates. The Wellers contend that they presented substantial evidence to overcome the motion for summary judgment with regard to their breach of contract and fraud claims against Riverchase Center Associates. We affirm.
The briefs and the record indicate that Riverchase Center Associates was formed by Robert Buchalter, Aubrey Buchalter, Richard Ellis, Bill Trick, and Harper Chambers, as partners, with the intent to develop a "strip shopping center" to be known as Riverchase Center # 2. Harper Chambers's "Do-It Center" was to be the anchor store in the shopping center, and, with the development of the area in mind, the partners began negotiating to sell several out-parcels to the future shopping center. Aubrey and Robert Buchalter had done business in the past with the Wellers and spoke with them regarding the possibility of their purchasing one of the out-parcels for the construction of a Solomon's sandwich shop. The Wellers contend that, prior to closing the deal on their out-parcel in February 1988, they were told that the shopping center would be built and that the Do-It Center would be the anchor store. Riverchase Center Associates acknowledges that the representations were made regarding the shopping center; however, it contends that, at the time the representations were made, the partners had every intention of carrying them out. It argues, however, that an unexpected heart attack and open-heart surgery in late 1988, caused Harper Chambers to rethink the expansion of his Do-It Center stores and that the construction of several strip shopping centers in the same area of Tuscaloosa at about the same time created financing problems. Riverchase Center Associates had difficulty in locating another anchor store for its shopping center; however, it contends that it continued its efforts to find an anchor. Although it was unable to locate an anchor store for a shopping center, the briefs and the record indicate that the partners of Riverchase Center Associates, subsequent to the purchase of the parcel by the Wellers, sold a portion of the land for a radiology clinic and also sold another parcel for the construction of a doctor's office.
While the Wellers contend that representations were made to them that a shopping center would be built, they have offered no evidence, except the fact that the shopping center is not there, to prove fraud on the part of the partners of Riverchase Center Associates. In order to prove fraud, the Wellers must offer some evidence that at the time the representations were made, Riverchase Center Associates had no intention of constructing a shopping center in compliance with the representations to the Wellers. No such evidence appears in the record. *Page 208 
 "[W]e have recognized that . . . fraud claims relating to future acts can be stated, [but] the plaintiff bears the burden of proving both the defendant's present intention to deceive and his intention not to perform the promised future act. . . . [T]he mere fact that the promised future act was not performed will not, of itself, provide the scintilla of evidence required to defeat a motion for directed verdict. Russellville Production Credit Association v. Frost, 484 So.2d 1084 (Ala. 1986)."[1]
H.C. Schmieding Produce Co. v. Cagle, 529 So.2d 243, 249 (Ala. 1988). See also, McIntyre Elec. Service, Inc. v. SouthtrustBank of Mobile, 495 So.2d 1043 (Ala. 1986), wherein we stated:
 "For a promise to perform an act in the future to constitute fraud, there must be an intent not to perform the promise at the time it is made. American Pioneer Life Ins. Co. v. Sherrard, 477 So.2d 287 (Ala. 1985); Evans v. Adam's Rib, Inc., 289 Ala. 377, 267 So.2d 448 (1972); Nelson v. Darling Shop of Birmingham, Inc., 267 Ala. 301, 101 So.2d 78 (1957)."
495 So.2d at 1045. The record and briefs simply do not bear out the Wellers' contention that, at the time the deal was made, Riverchase Center Associates had no intention to build a shopping center.
 "Unless a plaintiff puts forth some proof that there was something more than a failure to perform, something upon which a jury could infer that at the time the promise was made the defendant had no intention of performing, it is error to submit a fraud claim to the jury. P S Business, Inc. v. South Central Bell Telephone Co., [466 So.2d 928 (Ala. 1985)]."
Russellville Production Credit Ass'n v. Frost, 484 So.2d 1084,1087 (Ala. 1986).
The Wellers also contend that even though the building of the shopping center was not mentioned as a contingency in their contract, there was an implied contingency that was not fulfilled, and, therefore, that the defendants are guilty of a breach of contract. We note, however, the following provision in the contract:
 "THIS CONTRACT STATES THE ENTIRE AGREEMENT BETWEEN THE PARTIES AND MERGES IN THIS AGREEMENT ALL STATEMENTS, REPRESENTATIONS AND COVENANTS HERETOFORE MADE AND ANY OTHER AGREEMENTS NOT INCORPORATED HEREIN ARE VOID AND OF NO FORCE AND EFFECT."
Furthermore,
 "[u]nder the doctrine of 'merger,' ordinarily, in the absence of fraud or mistake, when a contract to sell and convey real estate has been consummated by the execution and delivery of a deed, as in this case, the preliminary contract becomes functus officio, and the deed becomes a sole memorial of the agreement, and upon it the rights of the parties rest; but the doctrine may be inapplicable to cases in which stipulations of the preliminary contract, instead of becoming merged in the deed, are incorporated therein and thus survive to confer independent causes of action, and in such instances the intentions of the parties [are] of paramount importance. Alger-Sullivan Lumber Co. v. Union Trust Co., 207 Ala. 138, 92 So. 254 (1922); Roberts v. Peoples Bank and Trust Co., 410 So.2d 393 (Ala. 1982)."
Russell v. Mullis, 479 So.2d 727, 730 (Ala. 1985). As pointed out above, there is no evidence of fraud in the present case, and no contingencies or covenants were expressed in either the contract or the deed regarding the building of the shopping center. On the basis of the record before us, we are compelled to affirm the summary judgment.
AFFIRMED.
MADDOX, HOUSTON, STEAGALL and INGRAM, JJ., concur.
[1] The "scintilla rule" is no longer in effect in Alabama; however, the "substantial evidence rule," which is now in effect, is applicable to a situation such as that referred to in the quoted material, See § 12-21-12, Ala. Code 1975. *Page 209